PRUDENTIAL INSURANCE COMPANY, Plaintiff-Appellee, v.
JOYCE BUILDING REALTY COMPANY, et al.,
Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3651.   Decided December 31, 1943.

C. B. Folkerth, Columbus, Arnold, Wright, Purpus & Harlor,
Columbus, for plaintiff-appellee.
Tussing & Lane, Columbus, for defendants-appellants.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an
error proceeding by reason of trustee's appeal on the question

of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff, a foreign corporation with its principal office in Newark, New Jersey, and doing an insurance and loan business in Ohio with its servicing Ohio loan office in Cincinnati, about 1926 made a loan to The Joyce Building Realty Company in the sum of $200,000.00. The Joyce Building Realty Company was a corporation and each stockholder signed the note individually, limiting his liabilty to a specific amount which was proportionate to his stockholdings, the aggregate of such amount equaling the principal amount of the loan. Marshall A. Smith was one of the signers of the note and the limit of his liability was fixed at $10,000.00.

When the loan became due in 1931 he, together with the other individual signers of the note, executed a loan extension agreement wherein his individual liability was fixed at $8650.00; the reduction being due to the fact that the company had made payment on the loan. Mr. Smith's liability stood at this amount when the loan went into default in 1936.

Marshall A. Smith died August 5, 1937, testate, and leaving a very substantial estate. The executors of the estate named in the will were The Huntington National Bank of Columbus and H. Albert Smith, his son. Both qualified and took possession of the personalty and proceeded to administer the estate. The administration proceeded in a regular way and was closed August 31, 1938. The residue of the estate was turned over to The Huntington National Bank as Trustee in accordance with the provisions of the will and for the benefit of the widow and children, or their descendants, as was very fully provided for by the testator. The plaintiff insurance company failed to present their claim to the executors of the Marshall A. Smith estate within four months as required under §10509-112 GC; nor did it file petition for reinstatement of such claim as provided under §10509-134 GC. The loan was in distress continuously from about the year 1936 and during this period representatives of the plaintiff's company from the Cincinnati, Ohio, office were in frequent personal contact with William P. Zinn, Secretary and Treasurer of The Joyce Building Realty Company and also Howard C. Park, attorney with full time service to the Willaim P. Zinn organization and given rather full authority in the matter of The Joyce Building Realty Company and its obligation to the plaintiff. In addition to the personal contracts and oral conversations, there was some correspondence relative to this distressed loan. In November, 1938, the plaintiff insurance company instituted foreclosure proceed-

ings against The Joyce Building Realty Company and sought to include as party defendants, the individual stockholders who were joined in the note with limited liability. It is the claim of the plaintiff that they discovered for the first time that Marshall A. Smith had died and his estate fully settled. The foreclosure action proceeded and there was a sale of the real estate, and distribution of the proceeds with the balance due and unpaid of more than $100,000.00, exclusive of interest. Within a short period thereafter the individual stockholders, not including the Smith estate, made a contribution totaling $25,000.00 which was accepted as a full release of their individual liabilty but expressly providing that the plaintiff company reserve the right to proceed against any of the individuals not participating in the $25,000.00 payment. At a subsequent date, to wit, May 20, 1940, plaintiff filed an amended pleading in the same action against The Huntington National Bank of Columbus, Trustee, seeking to recover the sum of $8650.00 with interest at eight per cent (8%) from May 4, 1940. This amended pleading is very lengthy and sets out in chronological order the historical facts through which the claimed liability arose, most of which are admitted in the answer of the defendant bank trustee. Among the issue of facts was an allegation in the amended pleading and denied in the answer, that plaintiff had no knowledge of the death of Marshall A. Smith and the administering of his estate until November, 1938. The amended petition further alleged that the defendant trustee, while acting as one of the executors of the estate of Marshall A. Smith had full knowledge of the existence of plaintiff's claim and, further, had filed in the schedule of debts an obligation in favor of the insurance company in which was set forth the correct amount of such obligation. It was further alleged that such knowledge on the part of the executors and the listing of the claim in the schedule of debts constituted a waiver of the statutory requirement requiring creditors to file their claims within four months. (Sec. 10509-112 GC.) It was further alleged in the amended petition that the defendant bank trustee was not a bona fide distributee. This last allegation was evidently prompted by the last few lines of §10509-112 GC, wherein it is provided,

"except as to negotiable instruments maturing subsequent to the expiration of such time, any such late claim shall not prevail as against bona fide distributees."

The allegations of claimed waiver and defendant trustee not being a bona fide distributee were generally and specifically denied in the trustee's answer.

While not alleged in the amended petition, there was presented in evidence, over the objection of the defendant, the claim that the executors had recognized the existing obligations of the Marshall A. Smith estate by paying a pro rata share of the carrying charges on the mortgage loan. By carrying charges was meant the deficiency arising from year to year by reason of the income from the property of The Joyce Building Realty Company not being sufficient to pay taxes, insurance and interest. The defendant objected to the introduction of this evidence because not pleaded, and further argued in counsel's brief that even if admissible, the payments were not of such a kind or character as could or would inure to the benefit of plaintiff and under no circumstances would constitute a waiver of plaintiff's obligation to file his claim within four months or have the claim reinstated as provided by statute.

In the submission of the case there was very little dispute except on the question as to whether or not the plaintiff had knowledge of the decease of Marshall A. Smith and that the estate was being administered. Plaintiff's evidence on this proposition was entirely through deposition. On this question, defendant called two witnesses, had their testimony taken and in addition a deposition was read. We doubt very much if this question of knowledge on the part of the plaintiff is as important as counsel apparently thinks it is. We arrive at this conclusion from the argument pro and con presented through counsel's briefs. If this question is in any sense determinative, we would probably have difficulty in arriving at the same conclusion as did the trial court. In the separate findings of fact, the trial court determined that the plaintiff did not have knowledge of the death of Marshall A. Smith. William P. Zinn and Howard C. Park, the latter being attorney connected with the William P. Zinn Company, both testified that at various times they talked to representatives of the plaintiff company, particularly their staff in Cincinnati, in which they gave the information that Marshall A. Smith was deceased. The attaches at the Cincinnati office were duly appointed representatives of the plaintiff company, dealing with loans, and information to them would be information to the company in New Jersey. Neither Mr. Zinn nor Mr. Park could give day or date or a detailed conversation but knew that the subject came up repeatedly in their numerous meetings touching this

distressed loan. There was introduced in evidence a letter marked "Defendant's Exhibit No. 1", dated December 14, 1937, addressed to ,the Prudential Insurance Company of America, Cincinnati Branch office, attention, George W. Palmer, Assistant Manager, in which check was enclosed to cover deficiencies in interest during July, August, September and October. The last paragraph of the letter read,

"The reason for the delay in the forwarding of these payments is due to the fact that Marshall A. Smith estate only recently was able ,to pay what it owed."

This letter was signed by Howard C. Park, attorney. A second letter marked "Defendant's Exhibit No. 2", addressed in the same way and signed the same, contained a paragraph as follows:

"However, one of the persons whose signatures were requested is dead and ,the majority of the balance are no longer interested in the company's owning the building."

This second letter did not specifically mention Marshall A. Smith. There is also introduced in evidence a photostat copy of a letter dated August 16, 1938, addressed to Mr. Lauren D. Colon, Manager Loan Department, New Jersey, signed by Mr. George W. Palmer, Assistant Manager, relative to negotiations on the above loan in which he mentioned that one of the obligors was deceased. From the sum ,total of all evidence touching the question of knowledge, we are lead to the conclusion that, had the plaintiff company been concerned and on their toes, they had sufficient information to acquaint them with the death of Marshall A. Smith and sufficient time to either present their claim or file a petition with the Probate Court for reinstatement. We think it is inferable that the plaintiff company, and particularly the Cincinnati branch, had not promulgated any follow-up system through which they could be fully informed as to the death of individuals obligated on mortgage loans. In the main, they probably had been relying on the real estate security and it was only after the financial depression was well advanced that the real estate was not ample security. We think it a proper pronouncement to say that when knowledge came to the plaintiff company, its officers, agents or employees of a fact through which they should have known of the death of Marshall A. Smith, that they are chargeable with such notice for all purposes even

though they failed at the time to fully appreciate the full significance of such information. At this point it would be appropriate to say that the trial court, in its separate findings of fact, found in favor of the plaintiff on every issuable question. Counsel for defendant filed a motion questioning the finding of fact in all its aspects. This motion was overruled. Motion for new trial was duly filed and overruled and judgment rendered for the plaintiff and against the defendant for the full amount claimed. Within due time notice of appeal was filed and the case thus lodged in our Court. With the exception of the question of knowledge, to which we have heretofore referred, all other matters were presented through agreed stipulation. This stipulation was arrived at at the start of the hearing wherein counsel took up seriatim the factual questions. We have heretofore indicated that the question of knowledge on the part of the plaintiff as to the death of Marshall A. Smith is not determinative of the issues and therefore, under the stipulated facts, the issue becomes a question of law.

The most important question revolves around the pertinent item in the schedule of debts, its form and effect. A copy of this item of the schedule of debts as agreed upon is as follows:

"The Prudential Insurance Company of America, Newark, New Jersey, (Joyce Realty Company, 37 North Third Street, Columbus, Ohio).

"$8,650.00. This is a possible liability which has become known to the executors. It has not, however, been presented and consequently has been neither allowed or rejected. Information is not possessed sufficient to accurately list or describe the same. The amount is only estimated."

It is the claim of the plaintiff-appellee and so determined by the trial court that the above item appearing in the schedule of debts constituted a waiver of a presentation of claim as required under §10509-112 GC.

This contention is controverted by defendant-appellant.

The section requiring presentation of claim is very broad and positive in its language without exceptions, except as to negotiable instruments maturing subsequent to the time for presentation. The note in the instant case was long past due before the death of Mr. Smith.

The Legislature did make provision for reinstatement of barred claims by a petition filed in the Probate Court and

thereunder such Court might permit petitioner to file his claim for allowance after finding that the claimant was not chargeable with culpable neglect in failing to present his claim (§10509-134 GC). The Supreme Court in the case of **Beach, Receiver, v Mizner, Executor, 131 Oh St 481,** had under consideration the construction of §10509-112 and 10509-134 GC, and therein held that the two sections must be construed together. Syllabus 2 reads as follows:

"These sections are statutes of limitations (or nonclaim statutes) which bar creditors' claims unless presented to an executor or administrator within four months after the date of appointment."

The opinion read in connection with the syllabus supports the requirement for presentation of claim in as clear and positive language as it is possible to make. The Supreme Court again had the question under consideration in the case of State, ex rel. **Fulton v Coburn, et al., 133 Oh St 192.** This case directly involved provisions of §10509-134 GC, but in the opinion the case of Beach v. Mizner, supra, is referred to and approved. In a subsequent case the Supreme Court reiterated its pronouncement and held that the provisions of the Code applied to claims for damages arising out of tort. **Pierce v Johnson, Executor, 136 Oh St 95.** Other decisions by higher courts referring to the provisions and construction of the two sections of the Code are the following:

Estate of **Sally Christopher, Dec'd., 8 O. O. 546.**

**Breen, Admr., v Conn, et al., Executors, 64 Oh Ap, 325.**

Counsel for defendant-appellant make the claim first, that an executor or administrator of an estate has no right by reason of the provisions of the above sections to waive the matter of presentation, and second, even if the right exists, there was no waiver in the instant case. In support of the denial of right to waive, we are referred to the following quotation from 21 A. J. 617:

"The great weight of authority is to the effect that an executor or administrator cannot waive, the so-called 'short', 'special', 'nonclaim', or 'administrative' statute of limitations under which claims must be presented and, in some instances, prosecuted within a given time after administration begins. These rulings are generally based upon the ground either that the statute is mandatory or that there is a distinction between waiver of the general statute of limitations and a

special or nonclaim statute in that the former statute applies to the remedy and not to the debt which still exists, whereas the special statute enacted for the purpose of making speedy and final distribution of the assets possible applies to the right which, when once barred, is forever barred."

To the same effect is cited L. R. A. 1915 B, page 1042. Also, Woerner, Vol. 2, A. L. Admin. page 1326. Citation is also made to decisions by the Courts of Arkansas, Washington, Colorado, South Dakota, Idaho, Montana and Arizona. The Probate Court of Cuyahoga County, **In re Lamberton Estate** (decided 1942), **37 Abs. 186,** held that an administrator is without authority to waive any statute providing for the limitations of actions set forth in the Probate Court. On appeal, the Court of Appeals of the Eighth District reversed without opinion.

The case is now in the Supreme Court, has been submitted and is awaiting decision. (Editor's Note: Affirmed in **142 Oh St 417,** 1-17-44.) Counsel for appellant claim that the reversal by the Court of Appeals was not on the question of waiver but another question.

In all probability, the Supreme Court will pass on the question of waiver as well as all other claimed errors. Ordinarily, we might await the decision of our Court of last resort but in view of our conclusion on the second question presented, it will not become necessary to delay our decision. Counsel for plaintiff-appellee cite five Ohio decisions, which they argue are strongly persuasive supporting the right of waiver. All of these cases, except one, were cited before the adoption of the present Probate Code. Prior to 1932 · there were no specific nonclaim code sections. The one case cited which follows the adoption of the new Probate Code is that of **Reese v Chapman, 23 Abs, 641,** (1936). This was a Darke County case and was decided by our Court. It is our conclusion that this case is not supportive of appellee's contention.

The second question now being considered raises the question as to whether or not the listing of the claim in the schedule of debts constitutes a waiver of presentation. For the time being we necessarily assume that waiver may be effected. In determining this question there are certain well recognized legal principles that we must keep in mind, "a waiver is a voluntary relinquishment of a known right. It is a matter of intention with knowledge of the right involved. It may be by express words or by necessary implications." **40 O. Jur. 1233.** "A waiver is a voluntary relinquishment of a

known right." **List & Son Co. v Chase, 80 Oh St 42.** "Waiver has been defined as a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed"; 67 C. J. 289. "No man can be bound by a waiver of his rights, unless such waiver is distinctly made, with full knowledge of the rights which he intends to waive; and the fact that he knows his rights, and intends to waive them, must plainly appear." 27 R. C. L. 908.

With these principles of law in mind we now consider the pertinent item in the schedule of debts. First, however, we must look to the appropriate section of the Code providing for schedule of debts. This is §10509-118 GC, and reads as follows:

"Schedule of debts. Not later than five months after the date of his appointment, every executor or administrator shall make and return upon oath into court a schedule of all known claims, debts and liabilities against the estate, including any which may be known to the executor or administrator but not presented. Such schedule shall state the name and address of each claimant, the amount claimed, whether allowed or rejected, whether secured by mortgage or otherwise, and the date of maturity if not yet due."

It will be noted that the above quoted section imposes upon the executor or administrator a duty to make and return in his schedule of debts not only the claims which have been presented, allowed or rejected, but also any which may be known to the executor or administrator but not presented. Counsel for appellant argue that this item in the schedule of debts does no more than comply with §10509-118 GC. It is pointed out that it is not listed as an obligation against the estate but only a possible liability. It is further stated that the claim has not been presented and, therefore, has never been allowed nor rejected Furthermore, that information is not possessed, sufficient to accurately list or describe. The amount is only estimated. The Probate Court of Montgomery County had under consideration this precise question in the case of **Burkhardt v Burkhardt, et al., 27 Abs, 441.** The syllabus in this case reads as follows:

"A creditor whose claim was neither listed nor presented as required by §10509-112 GC, nor reinstated under §10509-123 GC, cannot participate in the distribution of the fund to

general creditors, although the executor did know that the claim existed."

"An executor who complies with the provisions of §10509-118 GC, by listing claims known to exist but not presented does not thereby waive formal presentation."

"The executor or administrator is not required to pass on any claim until and unless presentment is made."

"The listing of a claim known to exist but not presented, in a schedule of claims, and filing the same in the Probate Court after the expiration of the four month period within which to present claims does not operate to raise the status of such claim above that of a barred claim."

The opinion in this case should be read in its entirety. Counsel for plaintiff-appellee very earnestly disputes the correctness of the legal principles announced. It is further argued that if the Montgomery County case be supported, then it should be distinguished from the instant case in that in the Montgomery County case the schedule of debts was not filed until the fifth month after the appointment of the administrator, whereas in the instant case it was filed within the fourth month. The supporting argument is on the claim that after the expiration of the four months, the filing of the claim would have been futile. Whereas, when the schedule of debts is filed within the four months, a presentation of claim would not be a vain thing.

We are unable to follow this reasoning. We are also referred to the case of **Devers v Schrieber, Exr., 50 Oh Ap 442.** This case was decided in 1935 by the Court of Appeals of Hamilton County. The syllabus reads as follows:

"Presentment to the executor of a physician's claim for services rendered during the last sickness of the decedent is necessary although the executor had knowledge of the claim before the death of the testatrix and had negotiated concerning the same. The fact that the will directed payment of debts and expenses of the last sickness does not excuse presentment of claim."

The question of filing the schedule of debts was not involved in the Hamilton County case but it is an authority denying the claim made in plaintiff-appellee's amended petition that plaintiff should not be required to present claim for the reason that it was known to the executors. Likewise, it presents authority denying the plaintiff-appellee's claim

that because the will directed the payment of debts that this imposed upon the executors the obligation irrespective of presentation of claim. It is our conclusion that the listing in the schedule of debts a possible claim of the plaintiff would not constitute a waiver of the obligation placed upon the plaintiff to present its claim as provided under §10509-112 and §10509-134 GC.

Plaintiff-appellee claimed a waiver under a second theory. This claim was not made through the amended petition but is presented in the evidence over the objection of appellant. The trial court did not pass on the objection at the time it was made, but, under its finding of fact, evidently intended to overrule such objection. The admission of this evidence was irregular and at some stage of the proceeding there should have been an amendment to the amended petition. Under the provision of the Code such an amendment could be made in our Court, if necessary. For the time being, even if it be conceded that the evidence was properly admitted, we will look to the question as to whether or not it would constitute a waiver of presentation of claim.

It appears that the executors' first and final account lists payments made in January, February, March and April, 1938, to William P. Zinn and Company for carrying charges on the mortgaged property securing the note. In determining this question, we must say that if the right of waiver may be legally raised, the burden rests upon the plaintiff-appellee to so show. Under the payments made the evidence very clearly and positively shows that the same were made by the executors to The Joyce Building Realty Company, or its successors in name, as payments on a stock subscription and that stock was issued to cover such payments. It is true that the amount so paid by the various stockholders was used by the Realty Company to pay carrying charges, including interest due the plaintiff-appellee. There is no claim, nor does the evidence support, that there was any direct payment made by the executors of the Marshall A. Smith estate to the plaintiff company. Counsel for appellee cite in support of their claim the case of Marshall Lodge v. Woodson (Florida), 190 So. 749. A reading of this case will disclose that there were two executors; that one had recognized a note as a valid obligation. It would seem that this alone would be sufficient but the Court gave as an added reason for its holding that interest payments had been made by one of the executors. This case has further differentiation from the instant case. Another Florida case

entitled Clark v. Fullerton, 177 So. 851, is directly in point with the instant case and it was there held that payment of interest on a claim secured by mortgage was not necessarily a recognition of a claim nor did it constitute a waiver of the duty to present the claim. In other words, even if the executors in the instant case had made direct payments of interest in order to stave off foreclosure, it would not necessarily be a payment on the Marshall A. Smith individual obligation, but might be for averting foreclosure on the real estate. It is our determination that the so-called payments by the executors would not constitute a waiver of presentation of claim.

The briefs of counsel, both appellant and appellee, discuss at great length the essentials for presenting petition to the Probate Court for reinstatement of the claim after the expiration of the four months period prescribed in §10509-112 GC. We can find no useful purpose in reviewing the pertinent section of the Code and the decisions of the Court thereunder. In the final analysis, we must say that no such action was taken by the plaintiff-appellee in the instant case and hence no rights can inure to plaintiff under a section of the Code not invoked.

Plaintiff-appellee places great reliance on the case of **H. O. L. C. v Doolittle, 57 Oh Ap, 329.** Excerpts from the decision are quoted at great length and without knowing the question involved, it might appear to be strongly argumentative in favor of plaintiff's contention. However, this was a proceeding to have a claim reinstated as provided by §10509-134 GC. Hence it does not at all meet the issues presented in the instant case. Counsel for appellee cites §10509-121 GC, which is the section of the Code providing for the order of the payment of claims against the estate. Sections 6 and 7 are quoted:

"6. Other debts as to which claims have been presented within four months after the appointment of the executor or administrator."

"7. Debts due to all other persons."

Counsel argues that if subdivision 7 be given any meaning, it must mean that the executors should pay debts which were not presented but which were nevertheless known to and listed by the executors. We have no hesitancy in determining that this is not the meaning of this section. The proper interpretation is to say that claims presented within four

months under subdivision 6 have priority over subdivision 7, but subdivision 7 would not include claims that are not properly allowed but properly could include such claims as have been reinstated under a petition filed in the Probate Court.

We are also referred to the case of **Gerhold v Papathanasion, 130 Oh St 342.** The single syllabus in this case reads as follows:

"The provisions of §§10509-112 and 10509-134 GC, do not require the owner of a promissory note to present his claim thereunder to an executor or administrator when the administrator or executors at the time of his appointment is already in possession of the note for collection."

The Court in the opinion comments on the unusual circumstance which presents itself in this case. Of course, this case is not in point since the executors in the instant case at no time had in their possession the note of the plaintiff.

**Sec. 10509-216 GC,** provides the circumstances under which action may be brought against heirs, next of kin, widow, devisees and legatees after the settlement of an estate and the expiration of the time allowed for the commencement of actions by a creditor. This section is not applicable as to the plaintiff for the reason that it specifically provides that it only includes debts which could not have been sued for against the executor or administrator or for which provision was not made.

Counsel for plaintiff-appellee in their brief frankly state that they are not making any claim under the provisions of the above section. Plaintiff's action was against the trustee under the broad claim that he was not a bona fide distributee. No reason was assigned for such claim other than what has already been discussed.

We have endeavored to consider and discuss all questions of importance. There may be some minor matters that we have not referred to but we have considered the briefs of counsel and the cases cited in their entirety. We are constrained to the view that on the undisputed facts plaintiff does not have a right to judgment against the defendant.

The finding and judgment of the trial court will be reversed and judgment entered for the defendant. Plaintiff's petition will be dismissed.

Costs in this Court will be adjudged against the appellee. Case remanded for collection of costs.

HORNBECK and GEIGER, JJ., concur.