**In re Patricia A. McFARLAND, Debtor.**

**Bankruptcy No. 2–86–01833.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 3, 1991.

Bernard Z. Yavitch, Columbus, Ohio, for Thomas McFarland, claimant.

Thomas McFarland, Columbus, Ohio, Patricia A. Jamison, Columbus, Ohio, for debtor.

Sara J. Daneman, Chester, Hoffman, Willcox & Saxbe, Columbus, Ohio, Chapter 7 Trustee.

## ORDER OVERRULING OBJECTION TO CLAIM OF THOMAS MCFARLAND

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Preliminary Considerations*

This matter is before the Court on the merits of an objection to the allowance of the claim of Thomas McFarland. The objection was filed by Sara J. Daneman, the duly-appointed successor trustee ("Trustee") of the Chapter 7 bankruptcy estate of debtor Patricia McFarland.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(B).

### II. *Findings of Fact*

The debtor filed a petition under Chapter 7 of the Bankruptcy Code on May 13, 1986. At that time she had an interest in a class action lawsuit. During the pendency of this case that action was settled and the bankruptcy estate received $10,654.76 on account of the debtor's interest.

The debtor's bankruptcy schedules listed as a creditor her ex-husband, Thomas McFarland ("McFarland"). That obligation was shown as disputed in the amount of $17,400.

The debtor and McFarland entered into a separation agreement at the time they dissolved their marriage in September of 1985. That agreement provided, in part, that each would retain the vehicle titled in his or her name and would be responsible for the debt associated with that vehicle. Accordingly, the debtor retained a Pontiac Firebird with a corresponding obligation to Bank One Columbus, N.A. ("Bank One"). Repayment of that obligation was secured by a lien in favor of Bank One. Both the debtor and McFarland were signatories on the note to Bank One for the purchase of the Firebird.

The debtor fell behind in her payments to Bank One and the Firebird was repossessed and sold. Bank One sued McFarland for the balance of the note obligation which remained after the sale of the vehicle. As a result of that suit and Bank One's subsequent execution on its judgment, McFarland entered into an agreement with Bank One under which the bank agreed to accept $4,728 from McFarland in full satisfaction of the obligation. In September 1987 McFarland paid the $4,728 to Bank One from funds he borrowed from his mother.

Several months later, the debtor filed a motion in the Domestic Relations Division of the Court of Common Pleas of Franklin County. That motion sought to increase the child support she received from McFarland. McFarland responded by moving for contempt against the debtor for her failure to pay the Bank One obligation. The parties resolved that dispute on January 20, 1988 by executing a memorandum of understanding under which McFarland would provide support of $120 each week for the couple's two children and the debtor would not seek any increase in that amount for one year. In return McFarland would not take any action against the debtor for their joint debt to Bank One which he had already paid. At the time of that agreement the debtor believed McFarland was in the process of paying Bank One. She was unaware that Bank One had been paid and that McFarland was actually repaying his mother.

More than a year later the bankruptcy estate received funds from the debtor's interest in the class action suit. The clerk of the Bankruptcy Court then notified all creditors that the estate now had assets against which claims could be filed. On March 28, 1989 McFarland filed a proof of claim in the amount of $10,976.09. Consideration for that claim was asserted to be the debtor's assumption of the Bank One obligation under the separation agreement.

### III. *Arguments of the Parties*

The bases for the Trustee's objection to McFarland's claim against the estate are twofold. First, the Trustee asserts that, at the time the claim was filed, McFarland had waived any claim against the debtor under the terms of the January 1988 memorandum of understanding which resolved the state court action. Therefore, pursuant to 11 U.S.C. § 502(b)(1), McFarland had no enforceable claim against the debtor and, derivatively, no enforceable claim against the estate. In the alternative, the Trustee argues that McFarland could not be entitled to any claim in excess of the $4,728 he actually paid to Bank One.

McFarland admits that his proof of claim is erroneous to the extent it exceeds $4,728. He asserts he is entitled to a claim in that amount, however, because he agreed not to pursue the debtor for her nonpayment of the Bank One debt only because the discharge previously entered in her bankruptcy case required that result. At the time he made that agreement in January 1988, creditors in the debtor's bankruptcy case had received only the original notice that the estate appeared to have no assets.

The debtor, on the other hand, maintains that she gave up her request for an immediate increase in child support because she believed McFarland was repaying the Bank One debt. McFarland's is one of three claims presently asserted against the estate, but if McFarland's claim is disallowed, funds left after payment of the other claims and administrative expenses will be returned to the debtor.

### IV. *The Issue Presented*

The only issue for the Court's determination is whether McFarland waived any

claim against the debtor in the January 1988 memorandum of understanding executed in the state court action. If such waiver occurred, his claim would be disallowed under 11 U.S.C. § 502(b)(1).

### V. *Application Of The Legal Principles To The Facts*

■ It is well settled law that waiver is the voluntary relinquishment of a known right. *List & Son Co. v. Chase,* 80 Ohio St. 42, 49, 88 N.E. 120, 122 (1909); *Rose v. New York Life Ins. Co.,* 127 Ohio St. 265, 270, 187 N.E. 859, 861 (1933); *State ex rel. Hess v. City of Akron,* 132 Ohio St. 305, 307, 7 N.E.2d 411, 413 (1937). There is no dispute that McFarland's execution of the memorandum of understanding in January 1988 was voluntary. It was executed in settlement of a motion filed by the debtor seeking increased child support. As part of that agreement he purported to relinquish a known right to pursue the debtor for her failure to pay Bank One. And in return for that waiver the debtor gave up her right to seek an increase in child support for at least 12 months.

■ However, McFarland stated that he believed he was relinquishing only a right he no longer possessed because of the legal effect of the discharge in bankruptcy granted to his ex-wife. McFarland asserts that he did not realize he also continued to possess a viable right to maintain a claim against the bankruptcy estate. That estate had no assets available to it at the time of his agreement. As the Ohio Supreme Court has stated, a waiver must be intentional, "with knowledge of the facts and of the party's rights...." *List,* 80 Ohio St. at 51, 88 N.E. at 122. In order to constitute a valid waiver, "there must be an existing right, *knowledge of that right,* and an intention to relinquish such right." *Parente v. Day,* 16 Ohio App.2d 35, 38, 241 N.E.2d 280, 282 (1968) (emphasis added). McFarland could not have intentionally waived a right to claim against the bankruptcy estate when he was unaware of the existence of such right. Stated another way, waiver " 'involves the idea of assent, and assent is an act of understanding. This presupposes that the person to be affected has knowl-

edge of his rights, but does not wish to assert them.' " *Rose,* 127 Ohio St. at 270–71, 187 N.E. at 861 (citation omitted).

It therefore follows that McFarland cannot be bound by his purported waiver of rights as "[n]o man can be bound by a waiver of his rights, unless such waiver is distinctly made, with full knowledge of the rights which he intends to waive...." *Prudential Ins. Co. v. Joyce Bldg. Realty Co.,* 44 Ohio L.Abs. 481, 488, 489, 65 N.E.2d 516, 570 (1943), *aff'd,* 143 Ohio St. 564, 56 N.E.2d 168 (1944) (citation omitted). *See also* 28 Am.Jur.2d *Estoppel and Waiver* § 158, at 841 (1964) ("Ignorance of a material fact negatives waiver, and waiver cannot be established by a consent given under a mistake or misapprehension of fact.").

Moreover, the Trustee has not offered satisfactory proof that McFarland's purported waiver against the debtor amounted to a waiver against the bankruptcy estate. "He who affirms a waiver must prove it, and in so doing he must prove a clear, unequivocal, decisive act of the party against whom the waiver is asserted, showing such a purpose or acts amounting to an estoppel on his part." *White Co. v. Canton Transp. Co.,* 131 Ohio St. 190, 2 N.E.2d 501 (1936) (quoting from court's syllabus). Additionally, " 'it devolves upon the party claiming a waiver to prove the facts on which he relies for such waiver. A presumption of the relinquishment of a known right cannot be rested on a presumption that such right was known.' " *Andress v. Carter (In re First–Central Trust Co.),* 75 Ohio App. 1, 14, 60 N.E.2d 503, 509 (1944), *rev'd on other grounds,* 145 Ohio St. 498, 62 N.E.2d 311 (1945) (citation omitted). In other words, a mere presumption that McFarland knew of the existence of a bankruptcy estate, which he asserts that he did not, cannot be used to sustain a finding that he intended to relinquish his claim against such estate.

■ When a waiver is not expressed, it is sometimes possible to find an implied waiver. *List,* 80 Ohio St. 42, 88 N.E. 120 (1909). However, "[w]hether an alleged waiver is expressed or implied, it must be

intentional. Mere negligence, oversight, or thoughtlessness does not create a waiver." 28 Am.Jur.2d *Estoppel and Waiver* § 158, at 842–43 (1964). Further, "[s]ince waiver must be an intentional relinquishment, it cannot arise through mere negligence or inadvertence." *In re Winer,* 39 B.R. 504, 510 (Bankr.S.D.N.Y.1984). To prove a waiver, the Trustee would have to show that McFarland must have known of the existence of the bankruptcy estate and realized that he was renouncing a right to claim against such estate. "This knowledge is not to be imputed; '[t]here is, in this context, no presumption that all must know the law....' " *Id.* (citations omitted). Therefore, even if McFarland *should* have known of the existence of the bankruptcy estate (which finding is unsupported by the evidence), and even if this lack of knowledge rose to the level of negligence, an implied waiver would not be created.

■ The Court finds that McFarland needed to have a reasonable understanding of the consequences of his purported waiver before it could be effective against him. *See In re Mapother,* 53 B.R. 433, 435 (Bankr.W.D.Ky.1985) ("waiver must present a conscious and informed judgment by the debtor as to the consequences thereof"). *See also Elmer v. Lucas County Children Serv. Bd.,* 36 Ohio App.3d 241, 245, 523 N.E.2d 540, 545 (1987). Since McFarland did not have sufficient knowledge of the consequences of his purported waiver, the waiver is ineffective to cut off his claim against the bankruptcy estate.

■ The Court notes, however, that since the waiver is ineffective as to McFarland, it is also ineffective as to the debtor. In *McMillen v. Willys Sales Corp.* the court stated that a waiver by implication might arise where the opposite party was misled to her prejudice by the conduct of the party purporting to waive. 118 Ohio App. 20, 27, 193 N.E.2d 160, 164 (1962). Although no implied waiver on the part of McFarland is found here, the same principle of avoiding prejudice to the other party still applies. The debtor purported to waive her right to seek an increase in child support for at least 12 months, in exchange

for the relinquishment of a right that McFarland admits he believed was worthless. When a waiver is based upon an agreement, it must be supported by consideration. *Marfield v. Cincinnati, D. & T. Traction Co.,* 111 Ohio St. 139, 146, 144 N.E. 689, 691 (1924). The debtor was in essence exchanging a waiver for a waiver. But a purported waiver where the waiving party believes he has no choice in the matter is not effective. *See In re Yeager Co.,* 227 F.Supp. 92, 95 (N.D.Ohio 1963). Hence, the debtor received no valid consideration for her waiver, and it would be inequitable to hold that she had validly waived her right while McFarland was free to pursue his.

Thus, the entire agreement between the debtor and McFarland is invalid. The debtor may wish to return to the domestic relations court to seek an immediate and retroactive increase in child support, and the domestic relations court is encouraged to hear such matter if brought. It is undisputed in this proceeding that McFarland paid a just debt of the debtor in the amount of $4,728.

## CONCLUSION

Based upon the foregoing, the Trustee's objection to the claim of Thomas McFarland is overruled. McFarland's claim shall be, and the same is hereby, allowed pursuant to 11 U.S.C. § 502(b)(1) in the amount of $4,728.

IT IS SO ORDERED.