*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  10b0005n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:  LEVEL PROPANE GASES, INC. et al., )<br>)<br>Debtors. )<br>_____ )<br>)<br>)<br>BILL WILHELM, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>MARK UHRICH, Plan Administrator )<br>of the Consolidated Estate of )<br>Level Propane Gases, Inc., )<br>)<br>Appellee. )<br>_____ ) | No. 09-8043 |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
Case No. 02-16172

Argued and Submitted:  February 2, 2010

Decided and Filed:  April 2, 2010

Before:  FULTON, McIVOR, and RHODES, Bankruptcy Appellate Panel Judges.
_____

**COUNSEL**

**ARGUED:**  Mark A. Phillips, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, Cleveland, Ohio, for Appellee. **ON BRIEF:**  Kreig J. Brusnahan, LAW OFFICES OF KREIG J. BRUSNAHAN, Avon Lake, Ohio, for Appellant.  Mark A. Phillips, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, Cleveland, Ohio, for Appellee.

---

**OPINION**

---

MARCI B. McIVOR, Bankruptcy Appellate Panel Judge. Bill Wilhelm ("Appellant"), a real estate lessor of Level Propane ("Debtors"), appeals an order of the bankruptcy court granting the Plan Administrator's motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failing to state a claim for revocation of the confirmation order under 11 U.S.C. § 1144. The Appellant seeks to set aside prior orders entered in the underlying bankruptcy case, including the confirmation order. The Appellant argues that the confirmed plan should be revoked because the bankruptcy proceedings were tainted by fraud, including "fraud on the court." The Panel concludes that it does not need to reach the merits of the Appellant's arguments because the Appellant lacks standing.

## I. JURISDICTION AND STANDARD OF REVIEW

Before reaching the merits of the appeal, this Panel must address the issue of whether the Appellant has standing.[1] *See Harker v. Troutman (In re Troutman Enters., Inc.)*, 286 F.3d 359, 364 (6th Cir. 2002) ("Standing is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case.") Appellate standing in bankruptcy cases is "'more limited than Article III standing or the prudential requirements associated'" with federal standing generally. *Moran v. LTV Steel Co., Inc. (In re LTV Steel Co., Inc.)*, 560 F.3d 449, 452-53 (6th Cir. 2009) (citations omitted). As this Panel explained in its most recent opinion involving the Debtors:

> In order to have standing to appeal a bankruptcy court order, an appellant must have been "directly and adversely affected pecuniarily by the order." Derived from the now-repealed Bankruptcy Act of 1898, "[t]his principle, also known as the 'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order." Thus, a party may only appeal a bankruptcy court order

---

[1]The Panel issued an order to show cause prior to oral argument, ordering the Appellant to show why his case should not be dismissed for lack of standing. The Appellant filed a timely response.

2

when it diminishes their property, increases their burdens or impairs their rights. *Travelers Cas. & Sur. v. Corbin (In re First Cincinnati, Inc.)*, 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002) (citations omitted).

Generally, bankruptcy jurisdiction is not conferred for the convenience of those not in bankruptcy. *In re Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 (3rd Cir.1984), *rev'd on other grounds*, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Unless the parties involved are the debtor and the creditors, or the bankruptcy court has "related to" jurisdiction over certain parties, the bankruptcy court has no jurisdiction to enter orders pertaining to parties who are not related to the bankruptcy action. *In re Dow Corning Corp.*, 255 B.R. 445, 476 (E.D. Mich. 2000).

*Ohio Truck & Trailer v. Level Propane Gases, Inc. (In re Level Propane Gases, Inc.)*, 422 B.R. 93, 96-97 (B.A.P. 6th Cir. 2010).

The bankruptcy court record reveals that the Appellant did not file a proof of claim in the Debtors' bankruptcy case. The record also reveals that on August 18, 2003, the Debtors filed a motion requesting the entry of orders authorizing the compromise and settlement of controversies with the Appellant[2] and approving the terms of a "Settlement Agreement and Mutual Release" ("Settlement Agreement") (Docket #1862). The Appellant did not file an objection to the Debtors' motion and proposed Settlement Agreement.

On September 18, 2003, upon a finding that the Settlement Agreement was in the "best interest of the Debtors, their estates, and creditors," the bankruptcy court granted the Debtors' motion and approved the terms of the Settlement Agreement (Docket #1961). The Appellant did not file an appeal or otherwise challenge the bankruptcy court's order approving the Settlement Agreement.

The Settlement Agreement entered into by the Appellant specifically provided that the Debtors and the Appellant "desire to settle *all disputes and controversies* existing between them,"

---

[2]The claims that were settled include the Appellant's lease claim against some of the Debtors totaling $370,000, and an insurance claim asserted by one of the Debtors' affiliates, Amware, totaling $50,000.

3

including the insurance and lease claims. Moreover, the Settlement Agreement contained mutual releases, including an express waiver by Wilhelm, stating in relevant part:

> [F]or good and valuable consideration, including the terms and conditions of the Agreement and the mutual releases granted thereunder, the parties agree as follows:
>
> . . .
>
> 2. <u>Release of the Debtors by Wilhelm.</u>  Wilhelm, his heirs, agents, and assigns hereby *waive any and all rights to assert any claim* against, or otherwise seek a payment or distribution from the Debtors and the Debtors' estates, arising from or in connection with the Lease.
>
> 3. <u>Release of Wilhelm by the Debtors</u>.  The Debtors and the Debtors' estates hereby waive any and all rights to assert any claim against, or otherwise seek payment or distribution from Wilhelm, his heirs, agents and assigns, including, but not limited to, any claim arising from or in connection with the Insurance Payments.

(Docket # 1862-1) (emphasis added).

It is well-established that "once parties to litigation settle their controversy, their rights are defined by the contract of settlement into which they have entered and are governed by the principles of contract law." *Comerica Bank v. Johnson (In re Johnson)*, 255 B.R. 696, 699 (Bankr. E.D. Mich. 2000). *See also Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). As a contract, the terms of a settlement agreement are governed "by reference to state substantive law governing contracts," which in this case is Ohio contract law. Under Ohio law, a "waiver" is defined as "a voluntary relinquishment of a known right." *Id. In re McFarland*, 126 B.R. 885, 888 (Bankr. S.D. Ohio 1991). In order to have a valid waiver, "there must be an existing right, knowledge of that right, and an intention to relinquish it." *Id.* (citation omitted).

In this case, the terms of the Settlement Agreement are clear and unambiguous. The language of the Settlement Agreement establishes that the Appellant had a lease claim, knew about his rights to the lease claim, and expressly agreed to compromise the full amount of its claim, waiving "*any and all* rights to assert *any* claim*" against the Debtors in connection with his lease claim. The

4

Appellant did not appeal the bankruptcy court's order approving the Settlement Agreement. Accordingly, the Panel finds that the Appellant is not a creditor in the bankruptcy case. The Panel further finds that the Appellant does not have a financial stake in the confirmation order and as such, is not a "person aggrieved." Therefore, the Appellant does not have standing to bring this appeal.

## II. CONCLUSION

The appeal in case number 09-8043 is DISMISSED.