## No. 116
### GREAT AMER. MUT. IND. CO. v. SHELLEY
Ohio Appeals, 3rd Dist., Henry Co.

No. 182.  Decided January, 1297

118.  AUTOMOBILES—The purpose of a provision in a policy agreement whereby the insurance company shall not be liable while an automobile is being used for any purpose in violation of any State or Federal law, is to exclude the risk in favor of the insured where he violates the provisions of 12628-1 GC. by operating a motor vehicle upon a public highway in a state of intoxication.

First Publication of this Opinion

WARDEN, P. J.

Charles Shelley brought his action against the Great American Mutual Indemnity Co. in the Henry Common Pleas setting up in his petition that he was the owner of a certain motor vehicle covered by a policy of insurance issued by the Company; that while operating his automobile along a certain street, he collided with another automobile in which one Audrey Wagner was a passenger, and which collision resulted in bodily injury to said Wagner; that Wagner brought suit against Shelley to recover damages and recovered a judgment for $2000 which Shelley paid.

This action in the instant case was brought against the insurance company to recover said judgment, costs, etc., all in the amount of $5,000, it being alleged among other things that the Company had refused to defend Shelley under its policy in the suit of Wagner.

The Company in its answer averred that it had refused to defend Shelley because of. the fact that when the accident occurred, he was in a state of intoxication operating his automobile in violation of 12628-1 GC., and that the injury to Wagner was caused solely by the negligence and carelessness of the insured, occasioned by his being intoxicated and that such risk had not been assumed by the Company when it issued its policy. It was further claimed as a second defense, that one of the excepted risks was that the Company would not be liable "while any automobile described herein is being used for any purpose in violation of any State or Federal law"

The lower court sustained a demurrer to the second defense, holding same not to be a good defense in law. The trial resulted in a judgment against the insurance company for the full amount claimed by Shelley. Error was prosecuted and the Court of Appeals, in reversing the judgment, held:

In the construction of the policy of insurance relative to the exclusion of risk assumed by the insurer in its policy agreement, particularly the exclusion in paragraph 4 General Exclusions, (Sections one and two) to wit:— While any automobile described herein is being used for any purpose in violation of any State or Federal law," the true intent and purpose of said provision in said policy agreement is to exclude the risk in favor of the insured, in the violation by the insured of the Criminal Code of Ohio, 12628-1 to operate a motor vehicle of any kind upon a public highway or street while in a state of intoxication."

Judgment reversed.

Attorneys—C. H. Workman, Mansfield, and George Meekison, Napoleon, for Company; George S. May, Napoleon, and W. H. McLellan Jr., Toledo, for Shelley.

## No. 117
### OHIO TOOL CO. v. LANG et
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7652.  Decided Nov. 22, 1926

297.  CONTRACTS—When time is the essence of a contract, and the party benefitted thereby voluntarily extends the time limit, such party cannot arbitrarily rescind without giving notice in order to allow the other party sufficient time to either perform or pay.

First Publication of this Opinion

LEVINE, P. J.

Charles Lang et, d. b. a. Lakewood Products Co. brought this action in the Cleveland Municipal Court against the Ohio Tool Co. to recover $676.33 and for rescission of an oral contract. The litigation grew out of the following facts: the Tool Co. agreed with the Products Co. to manufacture for them a certain machine not to exceed $800 in cost and to be delivered in 30 days. The original time limit to deliver was extended from time to time and finally by mutual consent a new two weeks' limit was set. The Tool Co. did not finish the machine under the new time limit and after repeated requests by the Products Co. to deliver same, they (Products Co.) elected to rescind and notified the Tool Co. of this intention demanding a return of their money. The trial resulted in a verdict for the Products Co. and upon error proceedings the Court of Appeals held:—

1.  Even when time is made the essence of contract, this provision can be waived by the party benefited thereby, and when such waiver is made, one cannot arbitrarily declare a forfeiture of the contract for delay, but must first demand payment or performance and give the other party a reasonable time to comply.

2.  The Products Co. under the fcats herein could have rescinded provided they gave proper notice; but from their own testimony an officer of the Company called repeatedly requesting performance, but never mentioned rescission.

3.  This does not constitute sufficient notice of rescission under the law and as proper notice of rescission was never given the Tool Co., the judgment of the Municipal Court is reversed.

Judgment reversed.

(Sullivan and Vickery, JJ., concur.)

Attorneys—Thompson, Hine & Flory for Tool Co.; Copeland & Quintrell for Products Co.; all of Cleveland.

### DOCTOR'S PRESCRIPTIONS MAY BE LIMITED

Lambert v. Yellowcey. The right of Congress to limit the prescription of liquor for medicinal purposes, to one pint every 10 days, was upheld Nov. 29, last, by the U. S. Supreme Court.

A New York physician, Dr. Lambert, sought to enjoin the prohibition authorities from carrying out the limitation, and the question involved the interpretation of the 18th Amendment. Taft, CJ., rendered the opinion, and four of the judges dissented. The Supreme Court thus ruled that Congress has the power to restrict the use of spirits for medicinal purposes; also that the rights of a practicing physician are subordinate to the police powers of the State. In U. S. Supreme Court on appeal from 2nd Circuit Court of Appeals.