### INDIAN REFINING CO v McCOMBS

Ohio Appeals, 3rd Dist, Crawford Co

No 1328. Decided Oct 9, 1933

O. W. Kennedy, Bucyrus, for plaintiff in error.

Edward J. Myers, Bucyrus, for defendant in error.

## OPINION

By GUERNSEY, J.

The evidence in this case tends to prove that plaintiff, prior to April 12, 1932, was a resident of Upper Sandusky, Ohio, being employed at a garage there which was handling gasoline, oils, greases and other products furnished by the defendant, and that the plaintiff had some experience derived from such employment in conducting a filling station business; and that about April 8, 1932, a Mr. Winn, a supervisor of the defendant, on behalf of the defendant entered into an oral agreement with the plaintiff to the effect that the defendant would enter into a written agreement with plaintiff, on a standard form provided by defendant, at rates of commission agreed upon by plaintiff and defendant, to employ plaintiff to conduct the filling station owned by the defendant at the location hereinbefore mentioned, such employment to commence April 15, 1932; and that on the 8th day of April the plaintiff, in accordance with such oral agreement, executed and delivered to such supervisor, said written agreement together with a supplemental

agreement of the same date to be forwarded to the defendant's principal office.

That between April 8, 1932, and April 12, 1932, plaintiff received a letter from the Mansfield office of the defendant, signed by such supervisor, requesting him to attend a meeting of service station agents of the defendant, to discuss a sales campaign in connection with the sale of defendant's products, and to bring his assistant with him; and that plaintiff, pursuant to this direction, attended the meeting with his brother whom he had hired as his assistant, and while, at the meeting was given certain advertising matter to be displayed at said filling station of the defendant.

That plaintiff, about the 12th day of April, at the request of said supervisor, and at the expense of $25, removed himself and family from Upper Sandusky to Bucyrus and to a location approved by said supervisor, for the purpose of taking charge of said filling station pursuant to such employment.

Plaintiff, about the 14th day of April, 1932, at the request of said supervisor, arranged to purchase certain tools and equipment of the person then in charge of said station in order to enable him to enter into said employment, and paid the sum of $100 to apply on the purchase price thereof which arrangement was thereafter abandoned and said sum of $100 returned to plaintiff.

That on the 15th day of April, and at various times thereafter, plaintiff presented himself at said filling station for the purpose of entering such employment but that the defendant failed and refused to permit him to enter into such employment, and plaintiff continued to hold himself in readiness to enter into such employment from said 15th day of April, 1932, until the 3rd day of June, 1932, when he filed his petition herein.

That certain advertising matter for use in connection with the operation of said filling station by the plaintiff was shipped by the defendant to the plaintiff at Upper Sandusky, Ohio, which was received and paid for by the former employer of the plaintiff, the price thereof being the sum of $6.75 which was credited by said former employer on an account he had against the plaintiff.

Subsequent to April 8th form letters of the defendant in connection with the sale of its products, for the information of its agents, was addressed to and received by plaintiff from defendant.

That the contract of employment, on the standard form of defendant, signed by plaintiff, was signed by an authorized officer of defendant but not delivered to plaintiff, although produced at the trial and attached as an exhibit to the bill of exceptions.

That said standard form of contract of employment provided the rates of commission on defendant's products to be sold by plaintiff, as agreed upon by plaintiff and defendant, and also provided that such employment might be terminated by either party thereto on five days notice to the other party, thus differing from the claim of the plaintiff that said oral contract of employment was for the period extending from April 15, 1932, to the end of the year 1932.

Except for the item of $25 for moving expenses, and the item of $6.75 paid for advertising matter to be used in connection with the operation of said station, the evidence as to the damages sustained by plaintiff through the breach of the contract by defendant, is largely based on the testimony of the person in charge of the station during the period from April 15th to July 1st as to the commissions earned by him during such period.

The evidence taken as a whole, shows that the plaintiff did not have an oral contract of employment, as alleged in his petition, but tends to show that the plaintiff did have either an oral agreement to enter into a written agreement of employment with the defendant, on the standard form of defendant, the terms of which were agreed to by both parties, or a written contract of employment signed by the plaintiff and signed by the defendant but not delivered to the plaintiff, which, however, was assented to, acquiesced in and approved by the conduct of the defendant.

Whichever view is taken of the matter, the plaintiff had a valid contract with the defendant for a breach of which he was entitled to damages from the defendant.

In 13 C.J., at page 290, it is stated that:

"An agreement to make and execute a certain written agreement, the terms of which are mutually understood and agreed on, is in all respects as valid and obligatory as the written contract itself would be if executed * * * and an action at law will lie for the breach of the oral contract to execute the written agreement, and the same damages are recoverable as would have been recoverable for a refusal to perform the contract had it been executed in writing."

And in Volume 6, R.C.L., at page 640, it is stated that a written contract need not necessarily be signed, but still the written terms are binding.

And in Ohio Jurisprudence, Volume 9, page 641, 333, it is stated that in such case the assent to the terms must be proven outside of the contract.

Whether Mr. Winn, the supervisor of the company, originally had authority to enter into such an agreement, is not material as the conduct of the defendant after the agreement was entered into, operated as a confirmation of the acts of Winn in entering into the agreement.

We therefore hold that it was not error for the trial court to refuse to direct a verdict at the close of all the evidence, as contended by defendant.

Under the written agreement, the terms of which were binding on the parties, whether the agreement between plaintiff and defendant is considered an oral agreement to enter into a written agreement, or a written agreement signed by the plaintiff and assented to by defendant, either party had the right to rescind the agreement of employment on five days notice to the other party.

The filing of the petition by the plaintiff on June 3, 1932, amounted to an election on his part to declare a breach as of that date, and consequently plaintiff was not entitled to any damages accruing subsequent thereto.

From a careful reading of the record we are of the opinion that the amount of the verdict of the jury, although not influenced by passion and prejudice, is against the weight of the evidence in that it is excessive to the extent of $100 over and above the amount sustainable by the weight of the evidence, and unless the plaintiff will consent to a remittitur of said sum of $100 the judgment will be reversed as being against the weight of the evidence, at costs on error, of defendant in error, and the cause remanded for execution and a new trial. On the other hand, if such remittitur is made, the judgment as modified will be affirmed, at the costs on error, of parties, one half each.

In his brief filed herein the plaintiff expressly requested that the errors complained of by him in his cross-petition in error be considered only in the event that the judgment is reversed, so such errors will not be considered unless plaintiff fails to file consent to remittitur.

CROW, PJ, and KLINGER, J, concur.