McMILLEN, D. B. A. McMILLEN MOTOR SALES, APPELLANT, *v.* WILLYS SALES CORP., APPELLEE.*

---

*Motion to certify the record overruled (38033), May 15, 1963.

(No. 5624—Decided December 10, 1962.)

*Messrs. Miller, Downing, DeMuth & Dorcas* and *Mr. Willis C. Knisely*, for appellant.
*Messrs. Ritter & Boesel*, for appellee.

DEEDS, J. This is an appeal on questions of law from a judgment entered on the pleadings in the Court of Common Pleas of Lucas County.

The appellant and the appellee will be referred to herein as plaintiff and defendant, respectively, as the parties appeared in the trial court.

The plaintiff has filed the following assignment of error: "The decision of the Common Pleas Court of Lucas County, Ohio, in sustaining the motion of the defendant-appellee for judgment on the pleadings is contrary to law."

The pleadings to be considered are the amended petition of the plaintiff, the answer of the defendant, and the amended reply of the plaintiff.

Omitting the formal allegations, the plaintiff's amended petition alleges, in substance, that the authorized agents of the defendant orally agreed on July 8, 1958, that plaintiff was to secure a showroom, institute a mailing program, install a parts and service program, hire salesmen, do advertising, purchase

a stock of parts, take seven vehicles made by Willys, secure adequate financing, which meant floor planning of automobiles, and do other things applicable to a general sales agency; that defendant, by its agents duly authorized, agreed that plaintiff was to become a licensed dealer for the sale of Willys Jeeps, parts and supplies sold by the defendant; that plaintiff was to have the exclusive dealership for the above-stated sales in the Ohio counties of Lucas, Wood, Fulton and Ottawa, with the exception of one dealer in Port Clinton, Ohio; that on July 8, 1958, in reliance upon such oral agreement, plaintiff purchased equipment, parts and signs from the Willys Sales Corporation in the amount of $4,922; that on July 25, 1958, plaintiff leased a showroom and repair room at 1201 Washington Street, Toledo, Ohio, at a rental of $700 per month to begin September 1, 1958, and to extend for a period of five years; that plaintiff expended about $10,000 for moving and improvements in the preparation of the salesroom; and that the defendant breached the oral agreement by failing and refusing to allot the territory agreed upon and in restricting the operation of such agency to the city of Toledo, Ohio, and vicinity, as a result of which breach plaintiff was damaged in the amount of $112,651.17, for which sum plaintiff prays for a judgment against the defendant.

In its answer filed to plaintiff's amended petition the defendant specifically denies that plaintiff and defendant entered into an oral agreement to establish a sales agency for the sale of the defendant's products, and denies that the agents of the defendant referred to by the plaintiff had any authority to enter into an oral agreement which would bind the defendant.

The defendant alleges further in its answer that on July 11, 1958, defendant presented a written "direct dealer agreement," a copy of which is marked exhibit (A) and attached to and made a part of plaintiff's petition, to plaintiff; that such agreement was in effect on and after July 20, 1958; and that such written agreement governed and controlled plaintiff and defendant in the operation of the sales agency thereafter.

As third, fourth and fifth defenses, the defendant alleges that plaintiff's alleged claim is barred by the statute of limitations, the statute of frauds, and the uniform sales law, respectively, and that the alleged oral agreement was merged into the written "direct dealer agreement."

The defendant alleges affirmatively in its answer, in substance, that by plaintiff's acts and conduct he has waived the right to maintain and is estopped from maintaining an action for breach of the alleged oral agreement between plaintiff and defendant.

The amended reply of the plaintiff denies all the affirmative allegations in defendant's answer, denies that the written agreement was to be the agreement between the parties, and denies that the written agreement was ever accepted by plaintiff or that plaintiff ever operated under that agreement; and alleges that ever since July 20, 1958, plaintiff has operated under such oral agreement, and that plaintiff has complied with each and every condition of the oral agreement entered into on July 11, 1958.

The question determinative of this appeal is whether the pleadings, when considered most favorably to plaintiff, require that plaintiff be afforded the opportunity to prove the oral agreement alleged in plaintiff's amended petition.

We are required to give effect to the established rule that, upon defendant's motion for judgment on the pleadings, the facts pleaded properly in the amended petition are to be taken as true, the facts admitted or alleged in the answer and not denied are to be taken as true, and the facts properly alleged in the amended reply are to be taken as true. *Scrutchings* v. *Nimer*, 69 Ohio Law Abs., 233; *Williams* v. *Village of Deer Park*, 78 Ohio App., 231; *Ferguson* v. *City of Columbus*, 70 Ohio Law Abs., 277; *Rheinheimer* v. *Aetna Life Ins. Co.*, 77 Ohio St., 360, 372; *Cornell* v. *Morrison*, 87 Ohio St., 215; *Meyer* v. *Daniel*, 147 Ohio St., 27, 28; *Vest, a Minor,* v. *Kramer*, 158 Ohio St., 78. See, also, 43 Ohio Jurisprudence (2d), 280, Pleading, Section 265. The plaintiff is also entitled to all reasonable inferences to be drawn from the facts. *Guardian Life Ins. Co. of America* v. *Veser*, 128 Ohio St., 200; *Parletto* v. *Industrial Commission*, 140 Ohio St., 12. See *Sessions, Trustee,* v. *Skelton*, 163 Ohio St., 409, 418.

It is undisputed in the pleadings that plaintiff and defendant intended to and did, as a matter of fact, establish a sales agency. The principal, if not the only, points of disagreement were as to the extent of the territory which the agency should cover and whether the oral agreement alleged by plaintiff or

the written contract prepared by the defendant was to control the operation of the agency. It appears also clearly from the pleadings that the agents of the defendant were representing the defendant in discussing and reaching an oral understanding that plaintiff was to establish a sales agency for the sale of the defendant's products.

The pleadings disclose that, following the oral discussions between plaintiff and the agents of the defendant, the defendant prepared and submitted a written "direct dealer agreement," blank as to territory, which was to be signed by the plaintiff. The plaintiff alleges that he signed the "direct dealer agreement" with the reservation and understanding that the agency should cover the territory agreed upon and be exclusive as had been agreed to orally between plaintiff and the agents of the defendant. Plaintiff alleges further that when a copy of the written agreement, signed by the defendant, was delivered to plaintiff by United States mail on July 20, 1958, plaintiff discovered that the territory comprehended by the counties of Lucas, Wood, Ottawa and Fulton, except a dealer at Port Clinton, had not been inserted and described in the agreement, but that instead of the territory agreed upon the defendant had wrongfully inserted in the written agreement a description which would restrict the operation of the agency to the "city of Toledo, Ohio and vicinity."

Plaintiff alleges further that he remonstrated against the description of the territory wrongfully inserted by the defendant in the "direct dealer agreement," "specifically in December of 1958" while at lunch with a certain officer and other employees of the defendant and has remonstrated ever since that time, including a letter addressed to the president of the defendant dated July 7, 1959.

It is the contention of the defendant that, if there was an oral agreement, such oral agreement was merged into the written agreement; that the written agreement could not be altered by parol evidence; and that, by entering into the lease for the premises and incurring expenses in making improvements, other expenses and losses subsequent to having knowledge concerning the territory described in the written contract, plaintiff has waived the right to rely upon the terms of the alleged oral agreement and is bound by the provisions of the "direct dealer agreement."

We do not agree with the conclusion that the alleged oral agreement was necessarily merged into the written contract as a matter of law nor that, on the facts alleged, the plaintiff is finally precluded from proving the alleged oral agreement which, if proved, would necessarily be different, with respect to the extent of the territory, from the description of territory appearing in the written contract.

The rule applicable to the alleged oral agreement has been stated, as follows:

"* * * Where the terms of a contract have in all respects been definitely understood and agreed upon, the failure subsequently to embody such terms in a written contract, as agreed, does not prevent the contract, where no statutory objection interposes, from being obligatory upon the parties. In other words, where all the substantial terms of a contract have been agreed on and there is nothing left for future settlement, the fact alone that it was the understanding that the contract should be formally drawn up and put in writing does not leave the transaction incomplete and without binding force, in the absence of a positive agreement that it should not be binding until so reduced to writing and formally executed." 12 American Jurisprudence, 522, Contracts, Section 25. See, also, to same effect, 11 Ohio Jurisprudence (2d), 289, Contracts, Section 48; *Indian Refining Co.* v. *McCombs*, 47 Ohio App., 425; *Blaney* v. *Hoke*, 14 Ohio St., 292; *Kiralfy* v. *Macauley*, 9 O. D. Rep., 833; *Hartford Fire Ins. Co.* v. *Whitman*, 75 Ohio St., 312. The rule is found stated in Restatement of the Law, Contracts, 33, Section 26, as follows:

"Mutual manifestations of assent that are in themselves sufficient to make a contract will not be prevented from so operating by the mere fact that the parties also manifest an intention to prepare and adopt a written memorial thereof; but other facts may show that the manifestations are merely preliminary expressions as stated in Section 25."

It seems apparent from the foregoing established rules that proof of an oral agreement by the plaintiff would not necessarily be an alteration of the written contract prepared by the defendant, and, according to the contention of the plaintiff, the oral agreement would not be merged into the formal written agreement.

It is the claim of the defendant that following the delivery of the written signed contract to plaintiff on July 20, 1958, containing the description of the territory as "city of Toledo, Ohio and vicinity," the plaintiff thereafter entered into a five-year lease for premises to be occupied by the agency, expended sums for the improvement of same, incurred other alleged expenses and continued to operate the agency in accordance with the terms of the written contract. It is the claim of the defendant in effect that by those acts and conduct plaintiff has waived any right which he may have had and is effectually estopped from maintaining an action for breach of the alleged oral agreement. The contention of the defendant deserves serious consideration and if supported by evidence on a trial of the cause would likely afford the defendant a defense against plaintiff's claim. It is our opinion, however, that the defense of waiver or estoppel on the part of the plaintiff cannot be established from a consideration of the pleadings alone. The plaintiff, by his amended reply to the answer of the defendant, has denied that he operated under the written contract prepared by the defendant and has also denied that he has waived any right to maintain the action for damages for breach of the oral agreement. The plaintiff has also alleged that he remonstrated with the defendant concerning the territory and also had a meeting with representatives of the defendant company with reference to the question of the extent of territory which the agency should cover. Furthermore, it appears from the amended petition that the agency was not being operated exclusively for the sale of defendant's products but that plaintiff also maintained the agency for the sale of Reo trucks and that the sale of trucks was conducted in the same premises in which the sale of defendant's products was conducted.

We are unable to reach the conclusion, therefore, that the acts and conduct of plaintiff in leasing the premises and improving same for the sale of motor vehicles, including the sale of defendant's products, would necessarily waive plaintiff's right to maintain the action. In *White Co.* v. *Canton Transportation Co.*, 131 Ohio St., 190, 198, we find the following pertinent statement:

"He who asserts a waiver must prove it. The trial court so charged and, in so far as it went, that was correct. This

court defined 'waiver' in the case of *List & Son Co.* v. *Chase*, 80 Ohio St., 42, 88 N. E., 120. While the definition was not carried into the syllabus, waiver was the basic issue in the case. Davis, J., at page 49 said:

" 'A waiver is a voluntary relinquishment of a known right. It may be made by express words or by conduct which renders impossible a performance by the other party, or which seems to dispense with complete performance at a time when the obligor might fully perform. Mere silence will not amount to waiver where one is not bound to speak.'

"Offtimes it is difficult to discern from the pleadings whether the issue is waiver or estoppel, but inasmuch as the defendant has elected to treat the issue herein as waiver, we will so treat it."

In our view, in the absence of relevant evidence, it is not possible to determine whether waiver, estoppel, election or laches may or may not be applicable to the situation existing between the parties.

The following definition and distinctions are pertinent:

"A waiver is a voluntary relinquishment of a known right. It is a matter of intention with knowledge of the right involved. It may be by express words or by necessary implication.

"A waiver by implication cannot arise contrary to the intention of the parties unless the opposite party has been misled to his prejudice by the conduct of the party against whom the waiver is claimed or unless facts have developed which will work an estoppel.

"Waiver may be based upon consideration, estoppel, election, or laches. It may be by subsequent contract or by the acts and conduct of the parties.

"The terms 'estoppel' and 'waiver' are often treated as interchangeable, and it has been said that waiver is only another name for estoppel. Undoubtedly, they are closely related, and this is particularly true as to implied waiver. Nevertheless, it is inaccurate to use them as convertible terms as they rest upon different bases. As stated above, a waiver is an intentional relinquishment, either expressly or constructively, of a known right. An estoppel arises when one is concerned in or does an act which in equity will preclude him from averring anything to the contrary, as where another has been innocently

misled into some injurious change of position." 40 Ohio Jurisprudence, 1233, Waiver, Section 2.

See 11 Ohio Jurisprudence (2d), 497, Contracts, Section 238 *et seq.*; 56 American Jurisprudence, 99 *et seq.*, Section 1 *et seq.*; *Hackett, Recr.,* v. *Kripke,* 62 Ohio App., 89, 92; *Meyers* v. *Hoops,* 74 Ohio Law Abs., 280. See 3 Williston on Contracts (Revised Ed.), 1958, Section 678 *et seq.*

It is our conclusion that whether the defense of waiver or estoppel is available as a defense to the defendant can only be determined from evidence of the circumstances, understanding and conditions under which plaintiff operated the agency after plaintiff was informed by the defendant on July 20, 1958, that the territory would be restricted to the "city of Toledo, Ohio and vicinity."

Also, as to whether the allegations in the amended petition that plaintiff purchased equipment, parts and signs from the defendant on the date and pursuant to the alleged oral agreement of July 8, 1958, as part performance of the agreement, may or may not remove such agreement from the operation of the statute of frauds is dependent upon evidence concerning the understanding of the parties at the time of the alleged purchases.

It is our further opinion that the cases cited and relied upon by the defendant involving waiver of fraud and a waiver of right of action by acts and conduct and rule against the alteration of written contracts by parol evidence are not controlling in a consideration of the issues raised by the pleadings at this stage of the proceedings in the case, and that evidence is required for a determination of the cause.

We conclude, therefore, that the pleadings present material issues of fact which the trial court could not determine without evidence, and that the entering of a judgment on the pleadings was error prejudicial to the plaintiff, requiring a reversal.

Therefore, the judgment of the Common Pleas Court is reversed and the cause remanded to that court for further proceedings according to law.

*Judgment reversed.*

SMITH and FESS, JJ., concur.