**Leslie M. SANDLER, Plaintiff–Appellant,**

v.

**AII ACQUISITION CORP., INC., James M. Hong, and Charles E. Coreth, Defendants–Appellees.**

**No. 91–3832.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 31, 1991.

Decided Jan. 22, 1992.

Jacob K. Stein (briefed), Deborah De-Long (argued), Thompson, Hine & Flory, Cincinnati, Ohio, John G. Jacobs, Plotkin & Jacobs, Chicago, Ill., for plaintiff-appellant.

James E. Burke, III (argued & briefed), Keating, Muething & Klekamp, Cincinnati, Ohio, for defendants-appellees.

Before KEITH, NELSON and SILER, Circuit Judges.

SILER, Circuit Judge.

Plaintiff–Appellant, Leslie M. Sandler appeals the district court's order requiring him to perform pursuant to the Settlement Agreement. The court found the Settlement Agreement's May 24, 1991, closing date had been waived by (1) plaintiff's May 13, 1991, declaration that the Settlement Agreement was void; and (2) plaintiff's counsel's remarks at a May 22, 1991, hearing indicating plaintiff's inability to close on May 24. The district court further found that AII Acquisition Corp. ("AII") had substantially performed on May 28, 1991, and granted AII a reasonable time in which to complete performance. For the following reasons, we REVERSE the judgment of the district court.

## FACTS

Plaintiff and Defendant–Appellee, AII,[1] entered into a Stock Purchase Agreement ("Purchase Agreement") on January 17, 1991. The Purchase Agreement involved a two-step process: (1) AII's purchase of 2,780,000 shares of Alubec stock from plaintiff and his family; and (2) the completion of a tender offer for the publicly held shares of Alubec stock within 45 days of the closing. On January 29, 1991, when a dispute arose concerning the closing date, plaintiff filed a declaratory judgment action, claiming the Purchase Agreement was unenforceable. AII counterclaimed for specific performance of the Purchase Agreement. At a pretrial conference, the court set an April 15, 1991, closing date, and, in the event the transaction did not close, set an April 22, 1991, trial date.

On the day of trial, the parties entered into the Settlement Agreement, requiring AII to: (1) conduct a due diligence investigation of Alubec; (2) notify plaintiff by 5:00 p.m. on May 10, 1991, if it wished to proceed with the transaction; and, if so, (3) close the transaction by 5:00 p.m. on May 24, 1991, and commence and complete a public tender offer for the remaining stock within 45 days after the closing. If the transaction did not close on May 24, the Settlement Agreement provided that plaintiff would be finally released from the transaction.

On May 10, at approximately 4:30 p.m., AII notified plaintiff, in part, as follows: "We hereby agree to purchase the stockholder's Alubec Block as contemplated in our Stock Purchase Agreement dated January 17, 1991, and the Settlement Agreement agreed to on April 22, 1991." Plaintiff asked AII to clarify its intent to comply with the entire Settlement Agreement, including the public tender offer provision

(not mentioned specifically in the notice). At 5:40 p.m., AII notified plaintiff of the intent to include the public tender offer term in the notice. However, on May 13, 1991, plaintiff claimed that AII failed to comply with the Settlement Agreement and declared the Purchase Agreement void.

AII moved the district court to enforce the Settlement Agreement. On May 22, an evidentiary hearing was held in which Coreth testified that "without exception, without qualification," AII was prepared to close on May 24. The court ordered the parties to perform pursuant to the Settlement Agreement. Plaintiff then raised concerns that if he was required to comply with AII's new demands for confirmation statements by the May 24 deadline, then most likely "there can't be a closing."[2] The district court, frustrated with their conduct, ordered the parties to act as responsible parties in accordance with the district court's order.[3]

Both parties worked continuously to close on May 24. However, due to AII's inability to secure *all* the financing for the transaction by the deadline, plaintiff declared the Settlement Agreement void and himself released from its obligations. On May 28, AII informed the plaintiff that it could tender the funds and close the transaction. Plaintiff rejected the tender, and AII filed its second motion to enforce the Settlement Agreement.

## ANALYSIS

### I. STANDARD OF REVIEW

■ The issue of waiver is a mixed question of law and fact. *Cordrey v. Euckert*, 917 F.2d 1460, 1465 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991); *K.M.C. Co. v. Irv-*

---

1. AII is a Virginia corporation formed for the purpose of purchasing the stock of Alubec Industries, Inc. ("Alubec"), plaintiff's corporation. AII Secretary, Charles Coreth and AII President, James Hong conducted the negotiations for AII and were named defendants at the May 22 hearing. Hereafter, the term AII includes Coreth and Hong.

2. These were to be obtained from eighteen (18) stockholders located in Canada and the United States and were not required by the original Purchase Agreement.

3. The district court stated: "... I made my ruling. You will have to figure out how to do it. You have got responsible parties before the Court and that's as far as I'm going to go at this point."

*ing Trust Co.,* 757 F.2d 752, 758 (6th Cir. 1985) (modification of contractual waiver issue is mixed question of law and fact). The general rule is that mixed questions of law and fact are subject to *de novo* review by this court. *See Clevenger v. Oak Ridge School Bd.,* 744 F.2d 514, 516 (6th Cir. 1984). However, the determination of any underlying facts by the district court is subject to a clearly erroneous standard. *See United States v. Oswald,* 783 F.2d 663, 665–66 (6th Cir.1986). In the case at bar, the underlying facts are not in dispute, so we will consider the issue of waiver *de novo*. As this matter arose under the diversity jurisdiction of the court, 28 U.S.C. § 1332, Ohio law provides the substantive law of the case. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## II.  WAIVER

■■■ Waiver may be expressed by words or conduct which makes a party's performance impossible, or which dispenses with complete performance at a time when the obligor may fully perform. *White Co. v. Canton Transp. Co.,* 131 Ohio St. 190, 2 N.E.2d 501, 505 (1936). An implied waiver will arise when the claimant has been prejudicially misled or lulled into believing strict compliance is not required. *McMillen v. Willys Sales Corp.,* 118 Ohio App. 20, 193 N.E.2d 160, 164 (1962). A "time is of the essence" clause may be waived when the party to be benefited "does any act inconsistent with the supposition that he continues to hold the other party to his part of the agreement." *Hayes Mfg. Corp. v. McCauley,* 140 F.2d 187, 190 (6th Cir.1944) (quoting from *Globe Brewing Co. v. Am. Malting Co.,* 247 Ill. 622, 93 N.E. 300 (1909)); *See also Hubbard v. Norton,* 28 Ohio St. 116 (Ohio 1875). The party's actions must "evince in some unequivocal manner an intent to waive, and must be inconsistent with any other intent." *Lone Mountain Prod. Co. v. Natural Gas Pipeline Co.,* 710 F.Supp. 305, 311 (D.Utah 1989). Once such waiver is made, the party cannot then declare a forfeiture of the contract for delay but must give the other party a reasonable time to comply with the terms of the agreement. *See Ohio Tool Co. v. Lang,* 5 Ohio L.Abs. 88 (Ohio Ct. App.1926).

■■■ The parties do not dispute that time was of the essence in the Settlement Agreement. However, they do question whether the plaintiff's May 13 and May 22 statements waived the May 24 closing deadline. AII's motion for enforcement of the Settlement Agreement and its May 22 testimony that it was prepared to close without exception on May 24 clearly indicate the parties knew and accepted May 24 as the closing deadline.

Moreover, the parties' conduct after the May 22 hearing evidenced their belief that the district court intended for the transaction to close on May 24. Both worked continuously to comply with the Settlement Agreement's terms and it was not until 4:45 p.m. on May 24 that AII attempted to negotiate an extension. Furthermore, AII did not raise the waiver issue until it filed its motion to enforce the Settlement Agreement, and the district court did not refer to a waiver or postponement of the Settlement Agreement's closing date in its May 23, 1991, Finding of Fact and Conclusions of Law. Instead, the district court ordered compliance with the Settlement Agreement, which set a May 24 closing deadline. There was no clear and unequivocal waiver of the Settlement Agreement's time provisions. Thus, AII's failure to timely perform released plaintiff from the Settlement Agreement.

## III.  SUBSTANTIAL PERFORMANCE

As the waiver issue is dispositive of the case, this court will not address the substantial performance question. *In re Post–Newsweek Stations, Mich., Inc.,* 722 F.2d 325, 328 (6th Cir.1983) (advisory opinions prohibited).

## CONCLUSION

For the foregoing reasons, we RE-VERSE the district court's order, and the

case is REMANDED for further proceedings consistent with this opinion.