[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} On June 26, 2001, plaintiff, Phillip J. Charvat, filed a complaint in the Franklin County Court of Common Pleas alleging violations by the defendants, Oasis Mortgage, Inc. and Walter Hashimoto, of the Communications Act of 1934, the Telephone Consumer Sales Practices Act, the Ohio Consumer Sales Protection Act, the Ohio Telephone Solicitation Sales Act, the Federal Communication Commission's Telephone Consumer Practices Act, and the Ohio Administrative Code.
 {¶ 2} Plaintiff brought this action as a result of receiving telephone calls placed to his residence, which he alleged violated the statutes cited above. Plaintiff instructed the clerk of courts to serve each of the defendants and demanded a jury on all issues. Although none of the defendants timely answered the complaint, in the fall of 2001, the parties reached a settlement agreement which was to be memorialized for the record in the form of a consent judgment. However, when it came time for the defendants to sign the consent judgment, the defendants refused. Thereafter, on March 8, 2002, plaintiff filed a motion asking the trial court to enforce the parties' settlement agreement.
 {¶ 3} Plaintiff's motion came before the trial court for hearing, at which time the trial court received evidence and listened to the argument of the plaintiff and counsel for the defendants. On June 7, 2002, the trial court issued a decision and entry granting the motion, and ordered the defendants to execute and file the agreed-upon consent judgment within 14 days of the filing of the court's order.[1] In spite of the trial court's order, the defendants refused to sign and file the consent judgment, causing the plaintiff to file a second motion to hold the defendants in contempt of court.
 {¶ 4} The trial court held a show-cause hearing on September 6, 2002, which was attended by the plaintiff and defense counsel. After hearing argument presented by both the plaintiff and defense counsel, the court signed the consent judgment which was then filed by the plaintiff. The defendants now appeal, raising the following assignment of error:
 {¶ 5} "The lower court erred in sustaining Appellee's Motion to enforce a proposed settlement agreement when there was no formal manifestation of a settlement between the parties, other than settlement discussions and the representation of Appellant's counsel that a deal had been reached."
 {¶ 6} We begin by noting that the burden of affirmatively demonstrating error on appeal rests with the party asserting error. App.R. 9 and 16(A)(7); and State ex rel. Fulton v. Halliday (1944),142 Ohio St. 548. Pursuant to App.R. 16(A)(7), an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record upon which he or she relies. It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error. Slyder v. Slyder (Dec. 29, 1993), Summit App. No. 16224; and Sykes Construction Co. v. Martell (Jan. 8, 1992), Summit App. No. 15034. It is also not appropriate for this court to construct the legal arguments in support of an appellant's appeal. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. No. 18349.
 {¶ 7} By way of this appeal, defendants ask this court to overturn the trial court's finding that they agreed to settle this matter with the plaintiff. The trial court, in its June 11, 2002 decision and entry granting the plaintiff's motion to enforce the settlement agreement, stated the following:
 {¶ 8} "Plaintiff asserts that the parties orally agreed to a settlement of this case in the form of a consent judgment. The undisputed terms of the alleged oral agreement are set forth in the written Consent Judgment and Order, attached as Exhibit A to Defendant's Memorandum Contra. When Plaintiff attempted to obtain signatures on the written Consent Judgment and Order for filing with the Court, counsel for the defendants, after numerous times indicating that Defendants were in agreement with the settlement terms, informed Plaintiff that his clients had decided they would not sign the Consent Judgment and Order. * * *"
 {¶ 9} The trial court continued:
 {¶ 10} "Defendants contend that, because they did not sign the written Consent Judgment, this Court lacks authority to enforce Defendants' oral acceptance of Plaintiff's settlement terms. Courts, however, possess authority to enforce oral settlement agreements. * * * The general rule is that where parties to an action enter into an oral settlement agreement in the presence of the court, such agreement constitutes a binding contract. * * * Furthermore, if an oral settlement agreement is extrajudicial, the settlement agreement can be enforced if the parties are found to have entered into a binding contract.
 {¶ 11} "The terms of the alleged settlement agreement are not in dispute and are set forth in the Consent Judgment and Order. The sole question before the Court is whether the parties entered into a binding oral contract to settle this action. Defendants' counsel admitted the [sic] hearing on this matter that he orally accepted, on behalf of his clients, the undisputed terms of the settlement agreement proposed by Plaintiff. Neither party disputes that the written Consent Agreement and Order actually reflects that which the parties agreed upon." (Citations omitted.)
 {¶ 12} Quoting, the trial court explained:
 {¶ 13} "`Where the terms of a contract have in all respects been definitely understood and agreed upon, the failure subsequently to embody such terms in a written contract, as agreed, does not prevent the contract, where no statutory objection interposes, from being obligatory upon the parties. In other words, where all the substantial terms of a contract have been agreed on and there is nothing left for future settlement, the fact alone that it was the understanding that the contract should be formally drawn up and put in writing does not leave the transaction incomplete and without binding force, in the absence of a positive agreement that it should not be binding until so reduced to writing and formally executed.' 12 American Jurisprudence, 522, Contracts, Section 25. See, also, 11 Ohio Jurisprudence 2d 289, Contracts, Section 48; Indian Refining Co. v. McCombs (1933),47 Ohio App. 425; Blaney v. Hope (1863), 14 Ohio St. 292. The syllabus rule from Blaney restates the position that where the terms are definitely understood and it is not specifically provided that the agreement is not complete until in writing, there is really an enforceable oral contract to make a written contract. * * *"
 {¶ 14} We have carefully reviewed the record, including the transcripts of conversations between the plaintiff and defense counsel. Having done so, we are unable to find, and defendants have failed to direct our attention to, compelling evidence that the trial court erred when it concluded that the parties reached a meeting of the minds and agreed to settle this matter pursuant to the terms set forth in the consent judgment. Indeed, we agree with the trial court's finding that the defendants agreed to the terms and conditions of the settlement, only to change their minds and attempt to back out of the settlement by refusing to sign the consent judgment. Some of the facts leading us to this conclusion are: (1) the defendants did not submit any affidavits or other evidence denying that they had agreed to the terms of the consent judgment; (2) the defendants did not object to the form or content of the consent judgment; (3) the defendants did not deny the negotiations, or the acceptance of the plaintiff's settlement offer through their counsel; (4) the defendants did not deny the accuracy of the evidence and transcripts submitted by the plaintiff showing verbal acceptance on their behalf; and (5) the only argument forwarded below and on appeal by the defendants is that there was not a meeting of the minds because they refused to sign the consent judgment. However, that argument begs the question as to whether there was an earlier meeting of the minds as alleged by the plaintiff. Again, having carefully reviewed the record, we are unable to conclude that the trial court incorrectly determined that there was an earlier, oral meeting of the minds among the parties, and that the defendants should be held to the terms of the settlement.
 {¶ 15} For the foregoing reasons, defendants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
WRIGHT and KLATT, JJ. concur.
WRIGHT, J., retired of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] 1The court's order was filed on June 11, 2002.