WOOD, Appellant,

v.

DORCAS et al., Appellees.*

[Cite as *Wood v. Dorcas* (1998), 126 Ohio App.3d 730.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–406.

Decided March 20, 1998.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1998), 82 Ohio St.3d 1473, 696 N.E.2d 602.

*Harland M. Britz*, for appellant.

*Jones & Bahret Co., L.P.A., Willis P. Jones* and *Keith J. Watkins*, for appellees.

EVANS, Judge.

This is an appeal by the plaintiff, Douglas M. Wood ("appellant"), from a judgment of the Court of Common Pleas of Lucas County granting the motions for summary judgment of the defendants, Carl F. Dorcas and the city of Sylvania, Ohio.

Appellant was hired in December 1987 by Carl Dorcas, part-time Law Director for the city of Sylvania, to provide client services in Dorcas's private law office and to act as a part-time prosecutor in the city's municipal court. On December 22, 1993, appellant submitted to Dorcas a two-hundred-ninety-page document notifying him of his belief that ongoing theft was being committed by two other employees in the prosecutor's office. Dorcas appointed a special prosecutor to investigate appellant's claims. However, the investigator determined that no crime had been committed by the two individuals named in appellant's notification.

On April 13, 1994, Dorcas fired appellant, in writing, and "relieved" him of his duties as a part-time prosecutor. In response to his termination, appellant consulted an attorney, who notified Dorcas of appellant's intention to bring legal action against Dorcas and the city of Sylvania. Dorcas responded to this notice by sending appellant's attorney a letter, accompanied by a written summary

detailing the problems Dorcas had experienced with appellant during his years of employment.

On June 30, 1994, appellant filed a complaint in the Lucas County Court of Common Pleas against Dorcas and the city of Sylvania. Appellant asserted three causes of action in his complaint. First, appellant alleged that the defendants, through the actions of Dorcas, had violated R.C. 4113.51 *et seq.* ("Whistleblower Protection") by dismissing appellant from employment the day after receiving the special prosecutor's report that no criminal wrongdoing was found to have been committed by the two employees appellant had accused.

Appellant next claimed that he had been defamed by Dorcas's publication of the list of reasons for appellant's termination from employment. Appellant asserted that the defamatory publication occurred when Dorcas sent the Mayor of Sylvania a copy of the letter that was sent by Dorcas to appellant's attorney.

Appellant's third claim for relief is based upon Section 1983, Title 42, U.S.Code, which prohibits a person from denying another's civil rights while acting "under color of state law." Appellant claimed that his property and liberty rights in his city employment were violated by Dorcas, in his capacity as Sylvania City Law Director, when Dorcas terminated him, without warning, from his job.

On June 22, 1995, the defendants, the city and Dorcas, filed motions for summary judgment on all three claims against Dorcas and on the claim against the city. The trial court granted defendants' motions on three issues. First, the court declared that appellant was not an employee of the city of Sylvania, and therefore granted the city's request for dismissal from the case. Second, the trial court granted Dorcas's motion for summary judgment on the defamation issue, on the ground that there was no evidence of publication of any defamatory statement. Finally, the court dismissed appellant's Section 1983 claim, finding that appellant, as a "public employee at will," had no property interest in continued employment and had no entitlement to due process upon termination. The court further found that there was "no just reason for delay," pursuant to Civ.R. 54(B). Thus, the only claim remaining for trial was appellant's whistleblower action against appellee Dorcas. Appellant timely appealed the court's judgment, asserting four assignments of error.

"First Assignment of Error

"The trial court erred to the prejudice of appellant by failing to rule that the city was estopped from denying that appellant was its employee where the city had previously certified appellant as a city employee in public documents which the city had created.

"Second Assignment of Error

"The trial court erred to appellant's prejudice by ruling that plaintiff, on the basis of statutory language, was not an employee of the city of Sylvania."

█  Appellant's first two assignments of error submit that the trial court erred in granting appellees' motions for summary judgment on the issue of whether he had viable claims against the city of Sylvania. The trial court found it clear on the evidence presented that the city was not appellant's employer "for purposes of the Whistleblower statute," and that therefore appellant had no cause of action against the city. The court held that the relevant law provides that appellant was not the city's employee because he was not paid by the city, having "received neither wages, nor other remuneration from the city for his services. See R.C. 4113.51(A)." The court further supported its decision by noting that besides receiving no wages from the city, appellant received none of the city health insurance benefits offered to city employees, that appellant did not contribute to the Public Employees Retirement System, and that appellant was hired by Dorcas in a private capacity, in part to perform prosecutorial functions in the municipal court on behalf of Dorcas, i.e., on a contractual basis.

As noted by appellees, the charter of the city of Sylvania provides that only the Mayor of Sylvania has authority to hire and/or appoint city employees. Carl Dorcas, the city's part-time law director, is one such appointed employee, and he was responsible for hiring lawyers to prosecute cases in the Sylvania Municipal Court. Thus, appellant was paid directly by Dorcas for the civil cases he handled in Dorcas's private firm as well as for each case he prosecuted.

Appellant argues that the trial court ignored the items of evidence he submitted that tended to establish that he did work for the city and that created a genuine issue of fact, which could not be disposed of upon summary judgment. Although appellant admits that he had no contract of employment with the city and that he never received benefits or a paycheck (including W–2's) from the city, appellant notes the following claims and items of evidence, which he argues establish that he was the city's employee: his photo-I.D. badge identifying him as a city employee; cards and stationery identifying appellant as a prosecutor for the city; copy of a listing in the Toledo Bar Association Directory identifying appellant as a city prosecutor; copy of the city's lists of city employees and officials, which included appellant's name; letters and memos sent to appellant, which were sent to "all city employees"; copy of certificates for a free turkey, which were sent to all city employees, including appellant; and requirement for appellant to adhere to certain "city policies."

Appellant claims that these items constitute evidence of his employment by the city, creating at least an "ostensible" employment situation, and that the city should therefore be estopped from denying that appellant was employed by the city. Accordingly, appellant argues that these items of evidence at least create

an issue of fact which should be decided by a trier of fact, whereas the trial court ruled as a matter of law that, based upon the evidence submitted, the city was not appellant's employer.

■ For estoppel to be appropriately raised, a plaintiff must show, as noted in appellant's own appellate brief, that he was induced by the defendant's representations to act upon those representations to his detriment. Four prima facie elements that the plaintiff must set forth in order to state a claim are "(1) that the party knowingly made a false representation or concealment of a material fact (or at least took a position contrary to that now taken); (2) that the representation must be made in a misleading manner with the intention or expectation that another would rely on it to act; (3) that the plaintiff actually relied on the representation; and (4) that plaintiff relied to his detriment so much that unless the party is estopped from asserting the truth or a contrary position, plaintiff would suffer loss. * * * Plaintiff must prove each of these elements by clear and unequivocal proof." *Andres v. Perrysburg* (1988), 47 Ohio App.3d 51, 56, 546 N.E.2d 1377, 1383, citing *First Fed. S. & L. Assn. v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 144–146, 11 OBR 215, 224–228, 463 N.E.2d 636, 646–649; *Kroll v. Close* (1910), 82 Ohio St. 190, 92 N.E. 29, paragraph one of the syllabus.

We find that the facts of this case do not warrant the application of equitable estoppel. As noted by the trial court, appellant conceded that he was not hired by the Mayor, as city employees must be, and he was well aware that he was an employee of Dorcas, and that one of his duties under his contract with Dorcas was to prosecute cases in the municipal court. The trial court found that all the aforementioned items of "evidence" were merely incidentals to his prosecutorial duties. We agree. We also find it clear on the record that appellant knew he was not an actual employee of the city. Moreover, appellant makes no claim on the record that he relied on such belief to his detriment.

■ Generally, "whether equitable estoppel is appropriate is a question of law and fact. However, where the facts are undisputed, it is proper for the court to determine on summary judgment if the facts constitute a case where equitable estoppel is necessary." *Andres,* 47 Ohio App.3d at 56, 546 N.E.2d at 1383 (citing *McMillen v. Willys Sales Corp.* [1962], 118 Ohio App. 20, 23, 24 O.O.2d 357, 358–359, 193 N.E.2d 160, 161–162). Accordingly, we conclude that the trial court correctly found that the city did not employ appellant and is therefore not liable for his alleged wrongful discharge, and that reasonable minds could not find otherwise. See Civ. R. 56. The first two assignments of error are overruled.

"Third Assignment of Error

"The trial court erred to the prejudice of appellant by ruling there was no evidence of publication of defamatory material."

■ The trial court granted summary judgment to appellee Dorcas on appellant's defamation claim on the basis that appellant presented no evidence on summary judgment to rebut Dorcas's sworn statement that there was no publication of the alleged defamatory statements. Following our review of the record, we agree with the court's judgment. See *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099 (party opposing motion for summary judgment must produce evidence on issue for which that party bears the burden of production at trial).

Defamation has been defined by this court as "the unprivileged publication of a false and defamatory matter about another. * * * A defamatory statement is one which tends to cause injury to a person's reputation or exposes him to public hatred, contempt, ridicule, shame or disgrace or affects him adversely in his trade or business." *McCartney v. Oblates of St. Francis de Sales* (1992), 80 Ohio App.3d 345, 353, 609 N.E.2d 216, 222, citing *Matalka v. Lagemann* (1985), 21 Ohio App.3d 134, 136, 21 OBR 143, 145–146, 486 N.E.2d 1220, 1222–1223; *McCarthy v. Cincinnati Enquirer, Inc.* (1956), 101 Ohio App. 297, 1 O.O.2d 131, 136 N.E.2d 393. See, generally, Restatement of the Law 2d, Torts (1977) 156, Section 559.

Appellant claims that a "copy sent" notation on the bottom of Dorcas's letter to appellant's attorney is evidence that the enclosed memorandum was also sent to the Mayor. However, Dorcas submitted a sworn affidavit with the motion for summary judgment to the effect that the memo had not been sent to anyone but appellant's own attorney, in response to a letter written by the attorney. Appellant introduced no evidence to refute Dorcas's statement. Therefore, summary judgment was properly granted to Dorcas on the defamation claim. Accordingly, appellant's third assignment of error is overruled.

"Fourth Assignment of Error

"The court erred in ruling that appellant had failed to identify an interest protectable under 42 U.S.C. § 1983."

■ Appellant argues that Dorcas, under color of state law, deprived him of his liberty and property rights to employment by firing him in violation of public policy. The public policy to which appellant refers is embodied in R.C. 4113.51 *et seq.*, which prohibits the retaliatory firing of an employee who reports to his employer some criminal offense or safety hazard occurring at the workplace.

■ To establish a claim under Section 1983, Title 42, U.S.Code, the conduct in dispute (1) must have been performed by a person acting under color of state law,

and (2) must have deprived the plaintiff of a right protected by the Constitution of the United States. *Parratt v. Taylor* (1981), 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–1913, 68 L.Ed.2d 420, 428–429. The trial court found that, albeit appellant "arguably" presented "some evidence as to the first element" of the *Parratt* test, he failed to demonstrate that he "was deprived of any rights, privileges, or immunities." However, while we agree with the trial court's granting of summary judgment on appellant's Section 1983 claim, we find that the judgment was proper for somewhat different reasons.

In *Cooperman v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191, 513 N.E.2d 288, the Ohio Supreme Court, citing *Gomez v. Toledo* (1980), 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572, found as follows:

"The court in *Gomez* made clear that a Section 1983 plaintiff must allege that 'some person has deprived him of a federal right.' *Id.* at 640 [100 S.Ct. at 1923, 64 L.Ed.2d at 577]. * * * Where the right deprived under color of state law is a substantive right—for example, the First Amendment guarantee of free speech or the Fourth Amendment prohibition against unreasonable searches—a Section 1983 suit is always available regardless of supplemental state remedies. * * * Where, however, the claim asserted rests on the deprivation of a property interest alone, the constitutional right invoked is the *procedural* due process right to notice and hearing. * * * The opportunity to challenge the taking [of a property right] may take the form of either a predeprivation hearing or a post deprivation state tort remedy [such as an action under the whistleblower statute]." (Emphasis *sic* but deleted in part.) *Cooperman,* 32 Ohio St.3d at 199–201, 513 N.E.2d at 297–298.

■ Thus, "[i]f the state provides a forum in which [a plaintiff] can assert his claims, that is an adequate remedy for purposes of Section 1983." *Id.* at 201, 513 N.E.2d at 299.

Since appellant is permitted an action under R.C. 4113.51 *et seq.,* he has been given the opportunity to be heard if, in fact, he has been wrongfully deprived of a right to his employment by Dorcas. Therefore, appellant has been granted the requisite due process in the form of a postdeprivation hearing, *i.e.,* his pending trial under the whistleblower statute.

■ Finally, as to appellant's claim of a "liberty" interest, *i.e.,* his right to be employed, etc., it is without merit or support. Absent a contract of employment, appellant was an "at will" employee whose only right to continued employment by a specified employer is granted by state law as, for example, under the whistleblower statute. As noted *supra,* although appellant's whistleblower claim is still viable, it does not, as appellant claims, "provide the property interest necessary to support a § 1983 claim." See *1946 St. Clair Corp. v.*

*Cleveland* (1990), 49 Ohio St.3d 33, at 35–36, 550 N.E.2d 456, at 459–460. As further noted by the Supreme Court, "Section 1983 does not cover official conduct that violates only state law." *Shirokey v. Marth* (1992), 63 Ohio St.3d 113, 116, 585 N.E.2d 407, 410.

Therefore, the trial court was correct in granting summary judgment, as a matter of law, to the appellee on appellant's Section 1983 claim. Accordingly, we overrule the fourth assignment of error.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.

JOHN R. EVANS, THOMAS F. BRYANT and RONALD E. HADLEY, JJ., of the Third Appellate District, sitting by assignment.