DECISION AND JUDGMENT ENTRY
This is an appeal from a March 21, 2000 judgment of the Lucas County Court of Common Pleas in which the court granted a motion filed by appellees, Rose Stewart and Charles R. Myers, to dismiss a complaint filed by appellant, Christian G. Ewert, on the basis that appellant failed to make proper service of the complaint on appellees within one year from the date the complaint was filed. Appellant has presented one assignment of error for consideration on appeal that is:
 "The lower court abused its discretion in not finding that the evidence was sufficient in determining the issues in favor of the Appellant."
The record shows this case began on June 26, 1997 when appellant filed a complaint in the trial court seeking damages for injuries he alleged he sustained when his car was rear-ended by a car driven or insured by appellees. In the caption of the complaint, he listed the names of appellee Rose Stewart and appellee Charles R. Myers, in care of "ANTHEM CASUALTY INSURANCE", and gave the address for the Shelby, Ohio, office of the insurance company's agent\adjuster.
Appellees filed an answer on December 1, 1997. The answer contained a general denial that appellees were at fault for the accident that caused appellant injuries and thirteen affirmative defenses. Among the affirmative defenses appellees included the following: "Service of process of these defendants was not proper or in accordance with the Ohio Rules of Civil Procedure."
On December 29, 1998, appellees filed a motion to dismiss the case for insufficient service of process. Appellees cited Civ.R. 12(B)(5) as the basis for their motion, arguing that appellant failed to make service on appellees within one year after he filed his complaint in the trial court. Appellees said that appellant's attempt to serve them at their insurance agent\adjuster's business address was not proper service.
On March 15, 1999, appellant filed a memorandum in opposition to the motion to dismiss. He argued that the agent for appellees' insurer agreed that appellant could make service of the complaint against appellees at the address of the agent\adjuster's office. He further argued that appellees were served in fact, that the trial court had personal jurisdiction over appellees because they appeared in court, that appellees were bound by the agreement of their insurance agent\adjuster, that equitable estoppel applied to bar appellees' assertion of no timely, proper service, and that appellees had waived their right to assert the affirmative defense of no proper service found in Civ.R. 12(B)(5).
Appellees responded to appellant's memorandum in opposition to their motion to dismiss. They asserted that they had never waived service, so the provisions of Civ.R. 4.1 through 4.6 still applied in their case to govern how proper service should be made. They noted that they raised improper service as an affirmative defense in their first responsive pleading — their answer. They also attached an affidavit from their insurance agent\adjuster in which he averred that he never agreed to act as an agent for appellees for the purposes of service of the complaint.
On April 21, 1999, the trial court filed an Opinion and Journal Entry in which it ruled that appellant had not made service on appellees in the manner mandated by the provisions in the civil rules. The trial court noted that a waiver of service must be in writing, and that no written waiver existed in this case. The court ruled that service on an alleged tortfeasor at the address of the alleged tortfeasor's insurance agent's office is not proper service. However, the trial court concluded that it needed to hold a hearing before it could rule on appellant's assertion that equitable estoppel should apply.
On March 21, 2000, after holding the hearing, the trial court noted that it had heard conflicting testimony from appellant's attorney and from the appellees' insurance agent\adjuster regarding whether or not they had an agreement that the agent\adjuster would accept service of the complaint on behalf of appellees. The trial court said it was "unable to conclude with any degree of certainty that [the insurance agent\adjuster] agreed to accept service on behalf of defendants in this case." The trial court then granted appellees' motion to dismiss for failure to make timely service, and appellant subsequently filed this appeal.
In support of his sole assignment of error, appellant first argues that appellees were served as required by the Ohio Rules of Civil Procedure. Appellant says that service was made when the complaint was sent by certified mail to the address where the insurance agent\adjuster authorized appellees to be served, and the complaint was signed for by a person at that address. He argues that appellees clearly had knowledge of the complaint since an attorney made an appearance on their behalf after the complaint was sent to their insurance agent\adjuster's address. He argues that the trial court obtained personal jurisdiction over appellees when they filed a joint answer to the complaint. He alleges that appellees did not meet the requirement of the Ohio Rules of Civil Procedure to contest personal jurisdiction at the earliest opportunity.
Second, appellant argues that appellees are equitably estopped from asserting the affirmative defense of ineffective service in this case. He says that appellees' insurance agent\adjuster acted with apparent authority when he "entered into an agreement for service upon the Defendants at the insurance company's address." Appellant says appellees have never denied the agency relationship with their insurance agent\adjuster. Instead, the insurance agent\adjuster has denied any agreement to accept service on behalf of appellees. Appellant says the insurance agent\adjuster's denial is "inconsistent with the letter he received * * *" from appellant's attorney referring to an agreement that the agent\adjuster would accept service of the complaint for appellees at his business address. He says that the agent\adjuster lulled his attorney into serving the complaint upon appellees at the agent\adjuster's business address, and the actions of the agent\adjuster estop appellees from arguing that the service was improper.
Appellees respond that they followed the Ohio Rules of Civil Procedure and preserved their objection to improper service of the complaint by raising the objection as an affirmative defense in their first responsive pleading — their joint answer. Furthermore, they assert that even though they did receive notice of the complaint, as evidenced by the appearance of an attorney who filed a joint answer on their behalf, under Ohio law, a case does not commence until proper service of the complaint is made on the defendant. They assert that service upon their insurance agent\adjuster did not constitute effective service in this case, and cite to case law from other Ohio courts to support their assertion.
As to appellant's second main argument, appellees respond that the trial court did not abuse its discretion when it ruled that appellant failed to prove that appellees are equitably estopped from asserting their affirmative defense of insufficient service. They assert that appellant had the burden to prove the facts supporting his claim of estoppel by clear and convincing evidence. They argue that the trial court did not abuse its discretion when it ruled that appellant failed to meet his burden of proof and that estoppel did not apply to bar appellees' assertion of their affirmative defense. They conclude that the trial court correctly dismissed this case pursuant to Civ.R. 12(B)(5) because this case was never effectively commenced.
First, we agree with the trial court that appellant's argument that since appellees had notice of the complaint, as evidenced by the appearance of an attorney on their behalf, proper service was made, is unpersuasive. As the Second District Court of Appeals noted in a similar case:
 "It also does not matter that a party has actual knowledge of the lawsuit and has not in fact been prejudiced by the method of service. This court itself has held to that effect and reversed a judgment against a defendant where service was legally insufficient even though `the defendant had adequate notice of the filing of the motion' and `was [not] in any way prejudiced by the method of service used to notify him of the pending motion. `Price v. Price
(Feb. 4, 1985), Miami App. No. 84CA38, unreported, at 4, 1985 WL 7633. That principle was enunciated by the Ohio Supreme Court in Haley v. Hanna (1915), 93 Ohio St. 49, 112 N.E. 149, and has been followed ever since in Ohio. If such were not the case, the defense of lack of jurisdiction over the person or insufficiency of process could never be asserted by a defendant in an answer or a motion, as allowed now by Civ.R. 12(B), because the mere assertion of such defenses would prove that the defendant knew about the pendency of the action and thus all rules relating to service of process would be nullities." Bell v. MidWestern Educ. Serv. (1993), 89 Ohio App.3d 193, 203.
Second, we find that appellant's assertion that appellees waived their affirmative defense by not raising it at the earliest opportunity is not supported by the record or by the provisions of Civ.R. 12. The record shows that appellees raised the affirmative defense of insufficient service of process in their joint answer, which was their first responsive pleading to the complaint. While Civ.R. 12(B) gives defendants the option to raise the affirmative defense of insufficiency of service of process in a motion filed prior to an answer in the case, it does not require a defendant to raise the defense in a motion rather than include it as an affirmative defense in an answer.
The only remaining argument for consideration is appellant's contention that equitable estoppel should be applied to bar appellees from asserting their affirmative defense of insufficiency of process in this case. This court has previously said:
 "For estoppel to be appropriately raised, a plaintiff must show, as noted in appellant's own appellate brief, that he was induced by the defendant's representations to act upon those representations to his detriment. Four prima facie elements that the plaintiff must set forth in order to state a claim are `(1) that the party knowingly made a false representation or concealment of a material fact (or at least took a position contrary to that now taken); (2) that the representation must be made in a misleading manner with the intention or expectation that another would rely on it to act; (3) that the plaintiff actually relied on the representation; and (4) that plaintiff relied to his detriment so much that unless the party is estopped from asserting the truth or a contrary position, plaintiff would suffer loss. * * * Plaintiff must prove each of these elements by clear and unequivocal proof.' Andres v. Perrysburg (1988), 47 Ohio App.3d 51, 56, citing First Fed. S. L. Assn. v. Perry's Landing, Inc. (1983), 11 Ohio App.3d 135, 144-146; Kroll v. Close (1910), 82 Ohio St. 190, paragraph one of the syllabus." Wood v. Dorcas (1998), 126 Ohio App.3d 730, 735.
Keeping these standards in mind, we have reviewed the transcript from the hearing held in the trial court on the question of whether there was an agreement formed between appellant's attorney and the insurance agent\adjuster for appellees that service of the complaint could be made on appellees at the business address of the insurance agent\adjuster.
The transcript shows that appellant's attorney testified that he had never before attempted to make service on an alleged tortfeasor at the business address of the alleged tortfeasor's insurer in all his years of practice. He said he called appellees' insurance agent\adjuster to ask if the agent\adjuster would give him the address of appellees, since the statute of limitations for filing the complaint was imminent. He said that appellees' insurance agent\adjuster volunteered to accept service of the complaint on behalf of appellees at his business address, before he could ask for appellees' addresses. He therefore captioned the complaint with appellees' names and listed the address of the insurance agent\adjuster's office. He also sent a letter to the insurance agent\adjuster in which he referred to the agreement. He admitted that he did not notice that appellees raised the affirmative defense of insufficiency of service of process in their answer until he was served with their motion to dismiss a year later.
The insurance agent\adjuster for appellees testified that he recalled appellant's attorney calling him to say a complaint would be filed in the case because of the imminent statute of limitations. He denied, however, that he suggested or agreed to accept service of process for appellees at his office address. He said he had never made that kind of agreement in any of the cases to which he was assigned. He said he had appellees' addresses in his file and would have given them to appellant's attorney if asked.
When appellant asked the agent\adjuster on cross-examination if the agent\adjuster got the letter from appellant's attorney that referred to the alleged agreement, the agent\adjuster acknowledged that he did have the letter in his file, but testified that he had quickly scanned the letter for other information and did not notice the statements alluding to such an agreement. He said he assumed it was a standard cover letter for a courtesy copy of the complaint which attorneys routinely provided to insurance agents\adjusters when a complaint against an insured is filed.
We agree with the trial court that appellant has not proved the elements of estoppel with clear and unequivocal proof. The testimony at the hearing did not show with any degree of certainty that appellees' insurance agent\adjuster made a false representation of or concealment of a material fact i.e. that he agreed to accept service of the complaint on their behalf at his business address. In addition, the evidence does not show that appellees concealed a material fact, (that service of process was not made), so that appellant would believe, to his detriment, that service of process was made until it was too late to correct the error. The record shows that appellees raised the issue as an affirmative defense less than three months after appellant filed his complaint, and appellant could have taken steps at that point to make sure service was made on appellees according to the Ohio Civil Rules of Procedure. Appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Peter M. Handwork, J.
 James R. Sherck, J., Richard W. Knepper, J.